HAYNES' Administrator v. WAGGONER.

FATHER AND CHILD.—A father is under no legal obligation to support an adult widowed daughter, or her infant offspring.

SAME—Whether, if he does so, the expense of their maintenance is to be regarded as a gratuity from him to the daughter, is to be collected from the circumstances.

PRACTICE.—If there is testimony from which the court that tried a cause could have fairly found as it did, the Supreme Court will not disturb the finding though against the weight of the evidence.

APPEAL from the *Tipton* Common Pleas.

GREGORY, J.—The appellee filed a claim against the estate of his deceased daughter. The administrator refused to admit it, and the cause was placed on the issue docket. Trial by the court, finding for the plaintiff, motion for a new trial overruled, and judgment. The evidence is in the record.

About the 1st of *January*, 1857, the decedent, with her infant daughter, on the death of her husband, went to live with her father, and continued to live with him until her death, which occurred about the 30th of *December*, 1862. With the exception of the summer and fall of 1860, the deceased was in delicate health, and for twenty-one months immediately preceding her death she was confined to her room, a part of the time entirely helpless. The claim is for the board and expenses of the deceased and her infant daughter for the time they were with the plaintiff. It is claimed that the decedent resided in the family of her father, as a member thereof, and that there was no intention on his part at the time to make any charge against her for board and expenses. This was a question of fact for the court below. That court having found for the plaintiff, the evidence is not of such a character as to justify this court in interfering with that finding. The father was under no legal obligation to support his adult daughter and her off-

spring. Whether the board and expenses of the decedent and her child were a gratuity from the father to the daughter is to be collected from all the facts and circumstances surrounding the case. The fact that the daughter had an estate of her own; that she was in delicate health, most of the time requiring and receiving attention; that she stated, on two different occasions, that she desired her father to have her portion of her deceased husband's estate, as a compensation for his trouble and expenses in taking care of her and her child, are all matters tending to sustain the finding, and were proper to be considered by the court in the determination of the question in controversy. The rule is, that if there is testimony from which the court below could fairly find as it did, this court will not disturb the finding although against the weight of the evidence.

The judgment is affirmed, with costs.

*Linsday* and *Lewis*, for appellants.

*Vanhorn* and *Robinson*, for appellee.