P. H. AND MARY A. BARNHILL V. A. W. KIRK, ADM'R.

1. PARENT AND CHILD—SUPPORT OF CHILD BY PARENT.—Where the mother and step-father of a widowed daughter took her to their house and kept her as a member of their family, giving her all necessary care and attention, the law will not imply a promise that her services were to be paid for without proof of a contract, or of such facts as would warrant the inference that the relation between the parties was that of debtor and creditor, and not that of parent and child, and was so understood by the parties at the time.

2. EVIDENCE OF PARTIES.—Parties suing an administrator for services rendered and supplies furnished the deceased, are not competent to prove such labor or supplies or their value.

APPEAL from Washington.   Tried below before the Hon. I. B. McFarland.

P. H. and Mary A. Barnhill sued A. W. Kirk, administrator of Mrs. S. C. Kirk, upon an account duly authenticated, presented to, and rejected by the administrator.   The account was as follows:

"*Exhibit A.*"—*Estate of Mrs. Kirk, Deceased.*

| | | | |
|---|---|---:|---:|
| 1871. | To P. F. and Mary A. Barnhill, Dr. | | |
| July 2. | To board from July 2, 1871, to December 12, 1872, 17⅓ months, at $15 per month......................................... | $260 | 00 |
| July 3. | To nursing and attention to child till August 3, 1871, $2.00 per day and night....................................... | 60 | 00 |
| | To nursing and attention day and night, December 15, 1871, to February 17, 1872, at $3 per day and night, (60 days)......................................... | 180 | 00 |
| | To coffin and burial expenses for child of | | |
| 1872. | Mrs. Parrott................................. | 25 | 00 |
| Aug. 1. | To cash paid Bloombargh account......... | 10 | 00 |
| Dec. | Cash paid Lockett............................. | 4 | 50 |
| " | Cash paid for medicine...................... | 16 | 00 |
| 1871. | | | |
| Oct. 25. | To feed for horse from October 25, to December 12, 1872, 13½ months, at $10... | 135 | 00 |
| June 23. | To 2 days' use of hack and self, at $3...... | 6 | 00 |
| Aug. 13. | To use of hack and self for two days, at $3 per day.................................... | 6 | 00 |
| Oct. 25. | To 10 days' use of hack.. ..................... | 30 | 00 |
| | Cash paid for provisions and medicines... | 9 | 00 |
| | | $743 | 50 |

The account was for board, nursing during sickness, and other like services rendered to defendant's intestate and her children during her lifetime by the plaintiffs, the proof showing that the decedent was the widowed daughter of the plaintiff, Mary A. Barnhill.

On the trial the court instructed the jury "that if Mrs. Parrott, at the time the account was made, was a member of plaintiffs' family, no promise on her part to pay them could be implied, and to enable them to recover they must prove a positive promise or agreement to that effect."

Verdict and judgment for the defendant, and plaintiffs appealed.

*Giddings & Morris*, for appellants.

The court erred in instructing the jury that plaintiffs must prove a positive promise to pay.

In Hart *v.* Hart's Adm'r, 41 Mo., 441, it was held "that the jury, from all the circumstances, might infer a promise to pay."

" There must be proof either of an express contract to pay, or that both parties expected the services to be paid for, which may be established by a fair preponderance of proof, and it is not necessary that the proof should be conclusive." (Culman *v.* Town, 34 Vt., 1 ; 5 Shaw, 429.)

A father is under no obligation to support his widowed daughter or her infant. Whether, if he does so, the expense of their maintenance is to be regarded, in a suit by him against her administrator, as a gratuity from him to the daughter, is to be collected from all the circumstances of the case. (Haynes, Adm'r, *v.* Waggoner, 25 Ind., 174.)

And such is the undoubted doctrine of all the authorities. (Crickett *v.* Prickett, 10 N. J. Eq., (5 C. E. Gr.,) 478 ; Adams *v.* Adams, Adm'r, 23 Ind., 50 ; Kimbraw *v.* Kimbraw, 35 Ala., 628 ; 29 Penn. St. R., 369 ; House *v.* House, 6 Ind., 60 ; Smith *v.* Myers, 19 Miss., (4 Bennet.) 433 ; Miller *v.* Miller, 16 Ill., 296 ; Fisher *v.* Fisher, 5 Wis., 472.)

Such is the law where the one party stands *in loco parentis* to the other.

But we contend that there was no such relation between the parties.

The fact that Mrs. Parrott was the step-daughter of Mr. Barnhill did not bind him to support her. (Wright *v.* Donnell, 34 Tex., 291.) Nor is a father bound to support his widowed daughter. (Hayne's Adm'r, *v.* Waggoner, 25 Ind., 174.)

*Sayles & Bassett*, for appellee, cited the following authorities: Cartwright *v.* Cartwright, 18 Tex., 629; Yates *v.* Houston, 3 Tex., 433; Hatchett *v.* Conner, 30 Tex., 110; Owen *v.* Tankersley, 12 Tex., 413; Moffatt *v.* Sydnor, 13 Tex., 628; Gay *v.* Rogers, 18 Vt., 344; Holliman *v.* Rogers, 6 Tex., 97; Stachely *v.* Peirce, 28 Tex., 328; Dye *v.* Kerr, 15 Barb., 445; Fisher *v.* Fisher, 5 Wis., 472; Mountain *v.* Fisher, 22 Wis., 93; Duffey *v.* Duffey, 44 Penn. St., 402; Bash *v.* Bash, 9 Penn. St., 260; Lynn *v.* Lynn, 29 Penn. St., 369; Defrance *v.* Austin, 9 Penn. St., 309; Lantz *v.* Frey, 14 Penn. St., 201; Fitch *v.* Peckham, 16 Vt., 150; Andrus *v.* Foster, 17 Vt., 556; Patterson *v.* Patterson, 13 Johns., 379; Schrimpf *v.* Settegast, 36 Tex., 296.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by the appellants to establish a claim against the estate of S. C. Kirk, deceased, for the sum of $743.50, for board and services rendered the deceased in her lifetime. The account attached to the petition shows the character and kind of the services so rendered. It does not appear on what ground the administrator rejected the claim. He avers in his answer to the petition that his intestate furnished and contributed to the plaintiffs, (appellants,) during the period of her residence with them, her services, means, and provisions, more than sufficient to compensate them for any outlay on her behalf, and that in consideration of such contributions they promised to make no charge against her, but to regard

her as one of the family; and further, that his intestate was the daughter of the plaintiff, Mrs. Mary A. Barnhill, and, as such, was a member of the family.

On the trial the appellants' counsel introduced one of the appellants to prove the account sued on, to which appellee's counsel objected, on the ground that they proposed to prove transactions that accrued between them and the deceased in her lifetime. They further proposed to prove by one of the appellants that they had paid for the medicines as prescribed by the physician who attended the deceased in her sickness, as charged in their account. This evidence was also objected to by appellee, and the court sustained both objections and refused to allow the plaintiff to testify. In this there was no error. The statute provides that neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party or required to testify thereto by the court. (Paschal's Dig., art. 6827.)

It appears from the evidence that Mrs. Kirk, formerly Mrs. Parrott, was the daughter of Mrs. Barnhill and stepdaughter of P. H. Barnhill, the plaintiffs in this suit. One of the witnesses stated that she came to live with the plaintiffs in June, 1871, and left them on her second marriage, in December, 1872; that she had two children when she came to plaintiffs' house—one of the children died at plaintiffs', the other died in Burleson county. The witnesses speak of the house of the plaintiffs as being the home of Mrs. Kirk, and that she was treated as a member of their family. The circumstances under which she first went to live with the plaintiffs, or, after having left, returned the second time, were not clearly shown in evidence.

The tendency of the evidence was to show that she came to the plaintiffs' house at their instance, or at least it does not appear that she sought it of her own accord. P. H. Barnhill brought her to his and her mother's home on both occasions, and bringing with her a small store of family

supplies and her furniture, without solicitation on her part, so far as can be known from the evidence.

On the death of her husband, leaving her a widow, with two children, sick and helpless, it might be expected that her mother would offer her a home without any expectation on either side of pecuniary reward for parental care and attention.    The plaintiffs were under no legal obligation to render the services, but having done so, it will not be implied that such services were to be paid for by the daughter without proof of a contract, or proof of such facts as would warrant the inference that the relation between the parties was that of debtor and creditor, and not the relation of parent and child, and was so understood by the parties at the time.    (Hayne's Adm'r, *v.* Waggoner, 25 Ind., 174; Williams *v.* Hutchinson, 5 Barb., 122; Miller *v.* Miller, 16 Ill., 296; Hall *v.* Finch, Adm'r, 29 Wis., 278.)

The charge of the court limiting the plaintiffs to proof of an express contract to recover on the account was not *strictly correct.*    An implied promise may be shown by proof of facts and circumstances which show that both parties intended that the services should be paid for.    The instructions sought by the plaintiffs were erroneous, in asking the court to charge that a promise to pay was implied by law if the plaintiffs rendered the services, without directing the attention of the jury to the relation the parties sustained to each other; and was also erroneous in placing the burden of proof on the defendant to show that the services were gratuitously bestowed, if such was the intention of the parties.

In reference to the facts of the case, the error in the charge of the court was not material.    The facts warranted the jury in coming to the conclusion that it was not intended by the parties that the deceased should pay for the services; and the verdict being right, it ought not to be disturbed.

                                                    AFFIRMED.