## CASH v. KIRKHAM.

### Opinion delivered January 13, 1900.

WITNESS—COMPETENCY—TRANSACTION WITH INTESTATE.—In an action by a physician to recover for medical services rendered to defendant's intestate, plaintiff is not a competent witness to testify as to his attendance on intestate and the value of his services, under Const. 1874, sched., § 2, prohibiting a party from testifying as to "transactions" with an intestate in an action by or against his administrator, unless called by the opposite party. (Page 319.)

Appeal from Pike Circuit Court.

WILL P. FEAZEL, Judge.

*J. H. Crawford*, for appellant.

It was error to permit the plaintiff to testify as to transactions with the appellant's intestate. Sand. & H. Dig., § 2914; sec. 2, schedule, Const. of Ark. 1874; 26 Ark. 476; 51 Ark. 401; 52 *ib*. 550; 54 *ib*. 185–6; 30 Ark. 285, 295. The evidence does not sustain the judgment.

*E. B. Kinsworthy*, for appellee.

When a contract is proved, the surviving party can testify to amount of services and value; for such is neither a transaction with, nor statement of, deceased. 38 Hun, 157. The constitution does not exclude the testimony of parties with de-

ceased persons, except as to transactions which are strictly personal. 26 Ark. 476. The evidence complained of was admissible, because it was as to independent facts of which the party could testify. 65 Wis. 425; 72 N. W. 880; 30 Fla. 424; 38 S. Car. 158; 34 N. W. 506; 43 W. Va. 639; 21 S. E. 175; 59 N. W. 129; 19 S. E. 291.

BATTLE, J.   Z. L. Kirkham presented two accounts against the estate of John H. Cash, deceased,—one for one hundred and seventy eight dollars and the other for thirteen dollars,— for allowance. The accounts were principally for services rendered the deceased and his family by Kirkham. They were disallowed by the administrator, and were then filed in the probate court, where they were allowed in full. The administrator appealed to the circuit court, and Kirkham recovered a judgment on them for one hundred and twenty dollars; and the administrator appealed.

Only two witnesses testified in the case: "J. P. Dunn, a witness for the plaintiff, stated: During the last illness of J. H. Cash, deceased, plaintiff attended him as his family physician, but the witness did not know how many times he attended him or the value of his services therefor.

"The plaintiff (over defendant's objection) then introduced himself. He testified that he was the attending physician during the last illness of J. H. Cash, deceased; that he made forty visits at $2 per visit, and cost of operating on the wife of deceased, $25; that the total amount due upon said account was $120. The defendant objected to this testimony of the plaintiff for incompetency, the same being as to transactions with the defendant's intestate, which objection was by the court overruled, and defendant at the time excepted." This was all the evidence adduced.

The only question presented for our decision involves the consideration of the correctness of the circuit court's ruling upon the admissibility of plaintiff's testimony. Was it competent? The constitution of this state declares that, "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any

transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." The proceeding before us was an action by appellee against the appellant in his capacity of administrator of the estate of John H. Cash, deceased. The testimony of plaintiff tended to prove an implied contract with appellant's intestate. The legal effect of it as a whole, if true, was an implied promise of the deceased to pay the plaintiff the sum of one hundred and five dollars for services rendered. This was a transaction with the deceased, as much so as it would have been had the deceased expressly promised to pay the one hundred and five dollars. The only difference between the two transactions is that in one case the promise was implied, and in the other it was expressed. The testimony should have been excluded on the ground that the plaintiff was incompetent to testify as to such transaction. *Peck* v. *McKean*, 45 Iowa, 18; *Smith* v. *Johnson*, *ib.* 308; *Boyd* v. *Cauthen*, 28 S. C. 72; 3 Jones, Evidence, § 793, and cases cited.

Reversed and remanded for a new trial.