DELILAH LODGE vs. THOMAS C. FRAIM, JR., Executor of JOHN F. LODGE, deceased.

*Assumpsit—Nursing, Care, Attention, etc.—Married Women; Action by—Services rendered by one near Relation to Another—Presumption of Law—Express Promise to Pay—Implied Promise, When.*

1.   Under *Section 1 Chapter 537, Volume 16, Laws of Delaware,* a plaintiff in an action against an executor of a deceased person for services rendered said person in his lifetime will not be permitted to testify as to the nature of his claim, nor whether he did any work for the deceased for which the action was brought.

2.   Under our law a married woman may maintain an action for her personal labor performed for other persons than her own family.

3.   Ordinarily when one person performs personal labor and services for another in the absence of any specific bargain or agreement for the payment of the same, the law raises an implied promise on the part of the person receiving such services to pay therefor.   But there is no such implied promise to pay for services rendered gratuitously, or by one near to another.   As between near relations such as brothers and sisters (living together) the law presumes that whatever services may be rendered under such circumstances are, and were intended to be, gratuitous favors prompted by the relationship and friendly interest between the parties, and before there can be any recovery the plaintiff must prove an express promise, agreement or understanding with the person receiving the services that the latter was to pay for them.

4.   If there was an express promise that the services were to be paid for, but no definite price was agreed upon, then the plaintiff would be entitled to recover a fair and reasonable compensation for the services rendered, not, however, in excess of the sum demanded.

*(May 8, 1905.)*

Judges SPRUANCE and BOYCE sitting.

*John B. Hutton* for plaintiff.

*Henry Ridgely, Jr.,* for defendant.

Superior Court, Kent County, April Term, 1905.

ACTION OF ASSUMPSIT (No    , October Term, 1904), to recover for nursing, care and attention, washing and mending,

alleged to have been performed by the plaintiff for her brother-in-law, John F. Lodge, deceased, in his lifetime, during the year 1903,—52 weeks at $5 a week, amounting to $260, with interest from April 1st, 1904.

At the trial, the plaintiff was produced and asked by her counsel the following questions :

Q. You have brought suit against the estate of John F. Lodge in this action. Will you state to the Court and the jury the nature of your claim against the estate of John F. Lodge?

(Objected to by Mr. Ridgely, counsel for defendant, on the ground that the question called for the statement of a transaction with the deceased by the plaintiff, which was contrary to *Sec. 1 of Chap. 537, Vol. 16, Laws of Delaware (Rev. Code 798)*, providing " that in actions or proceedings by or against executors, administrators or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party.")

BOYCE, J.:—We sustain the objection.

Q. Did you do any work for John F. Lodge during the year that you lived on his place, for which this action is brought ?

(Objected to by Mr. Ridgely, counsel for defendant, on the same ground as before stated.)

BOYCE, J.:—We sustain the objection.

(It further appeared from the evidence of the plaintiff that during the time the services were alleged to have been performed by the plaintiff, she and her husband were living on the farm of said John F. Lodge, near Bowers Beach in Kent County, as tenants, and under the terms of the tenancy they were to have all the

crops grown thereon except half of the fruit crop, which was to go to John F. Lodge, the latter to pay for one-half of the baskets. The husband of the plaintiff testified that his wife nursed and cared for John F. Lodge, who was an invalid, and also did his washing and mending; that such services were reasonably worth $5 per week and extended over a period of 52 weeks, and that during that time he had heard John F. Lodge "tell her many a time that he would pay her for washing and mending for him and for waiting on him, too."

The defendant claimed that the terms of the tenancy also included the boarding and taking care of the deceased by the said tenants and that the husband of the plaintiff had so admitted to one or more of defendant's witnesses ; being the same terms upon which the farm of the deceased had been rented previously to one of defendant's witnesses).

BOYCE, J., charging the jury :

Gentlemen of the jury :—The plaintiff in this action seeks to recover from Thomas C. Fraim, Jr., executor of John F. Lodge, deceased, the defendant, the sum of two hundred and sixty dollars, with interest from the first day of April, A. D. 1904, for personal services, such as washing, mending, nursing and attention, which she alleges she rendered the said John F. Lodge, in his lifetime, from the first day of January, A. D. 1903, to the first day of January following.

Under our law a married woman may maintain an action for wages for her personal labor performed for other persons than her own family.

You have heard the testimony, and it is hardly necessary that we should detail to you the contentions of the parties to this action.

Ordinarily when one person performs personal labor and services for another, in the absence of any specific bargain or agreement for the payment of the same, the law raises an implied promise on the part of the person receiving such services to pay therefor. But there is no such implied promise to pay for services rendered gratuitously, or where such services are rendered by one

near to another. As between near relations such as brothers and sisters living together the law presumes that whatever services may be rendered under such circumstances are and were intended to be gratuitous favors prompted by the relationship and friendly interest between the parties. The law presumes that a person in such a relation rendering such services never intended to make a demand in money therefor, and that the person receiving the services never expected to pay for the same. And when it is shown that such relationship did exist it is necessary before the plaintiff will be permitted to recover that he should prove an express promise, agreement or understanding with the person receiving the services that the latter was to pay for them.

If there was an express promise or understanding between the parties that the services would be paid for but no definite price was agreed upon, then the plaintiff would be entitled to recover a fair and reasonable compensation for the services rendered, not, however, in excess of the sum demanded.

In this case you should determine whether any services were rendered the deceased by the plaintiff, and, if any, the character and value of those services. There being no evidence that any specific price was agreed upon between the parties, and it being admitted that the deceased was a brother of the husband of the plaintiff, you should likewise determine from the evidence whether the plaintiff has proven to your satisfaction that the deceased engaged to pay for any services that may have been rendered him by the plaintiff. And if you find that the deceased did receive the services which it is alleged he received and that he promised or agreed to pay therefor, then you will determine what is fair and reasonable compensation for the services rendered and that sum whatever it may be should be your verdict with interest added from April 1, 1904. If, however, you find that no services were rendered, or that if rendered they were so rendered to a brother-in-law without any express promise or understanding on his part to pay the plaintiff therefor, then your verdict should be for the defendant.

Verdict for plaintiff for $135.