NEBLETT v. COOPER GROCERY CO.
(No. 8260.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 6, 1915. Rehearing Denied Dec. 4, 1915.)

1. APPEAL AND ERROR ⚫1036 — HARMLESS ERROR—MISJOINDER OF CAUSES OF ACTION.

Where a grocery company sued the executrix of a guarantor of its bankrupt debtor, the joinder of the bankrupt, though improper, was not prejudicial to the executrix, where there was a judgment in favor of the debtor on account of his discharge in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4069–4074; Dec. Dig. ⚫1036.]

2. APPEAL AND ERROR ⚫880 — ERROR AFFECTING COPARTY.

In an action against a bankrupt on the unsatisfied portion of plaintiff's claim, and also against the guarantor of the debt, any error in overruling the bankrupt's demurrer to the suit against him was harmless to the guarantor, more especially where judgment was finally rendered in favor of the bankrupt.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. ⚫880.]

3. WITNESSES ⚫140 — COMPETENCY—LEGATEE OF DECEDENT—STATUTE.

Under Rev. St. 1911, art. 3690, providing that in actions by or against executors neither party shall be allowed to testify against the others as to any transaction with or statements by the testator, unless called to testify by the opposite party, and that the provisions of the article shall include all actions by or against the heirs or legal representatives of a decedent arising out of any transactions with him, where the creditor of a bankrupt, who was a beneficiary under the will of the deceased guarantor of his indebtedness, sued such bankrupt to recover the unpaid portion of its claim, joining the estate of the guarantor, the bankrupt, introduced as a witness by the executrix, was not a competent witness, since, as a beneficiary under his guarantor's will, he is a party in interest to the suit against the executrix, who was defending for his benefit and all others interested in the estate.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. ⚫140.]

4. GUARANTY ⚫56—DISCHARGE OF GUARANTOR—EXTENSION OF TIME—WAIVER OF DEFENSE—VALIDITY.

Where a contract of guaranty expressly waived the defense that an extension of time for the payment of the indebtedness should discharge the guarantor, a transaction between the debtor and the creditor, unconsented to by the guarantor, extending time for the payment of

the indebtedness, did not discharge the guarantor.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 67; Dec. Dig. ☞56.]

5. EVIDENCE ☞419 — PAROL EVIDENCE AFFECTING WRITING.

In an action by a guaranteed creditor against the debtor and the guarantor's executrix, parol testimony was admissible to prove that, when collateral was delivered by the debtor to the creditor, it was agreed between them that the creditor should discharge the guarantor, since the consideration for a written instrument may be proved by parol evidence when it does not tend to vary the terms of the writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. ☞419.]

6. BANKRUPTCY ☞433—LIABILITY OF GUARANTOR—EQUITIES.

A grocer, indebted to a wholesale dealer, previous to his bankruptcy had hypothecated to the dealer certain accounts to be held as collateral. By agreement between the wholesaler and the trustee in bankruptcy the value of the collateral was fixed at $455.62, the wholesaler's claim in bankruptcy credited with that amount, and the collateral turned over to it. The bankrupt's indebtedness had been guaranteed, and thereafter the wholesaler sued the executrix of the guarantor to recover the balance of its claim. The executrix sought to show that the wholesaler had collected upon the collateral in its hands over $1,000, and had on hand other uncollected collateral worth 15 cents on the dollar. The wholesaler objected that it had purchased the collateral from the trustee in bankruptcy at an agreed valuation, and that by the purchase it had become the owner, so that whether it had realized on it since the purchase was immaterial. *Held* that, although by the provisions of the bankrupt act the transfer of collateral to a creditor holding it at an agreed valuation between the trustee and the creditor is authorized and becomes binding upon approval, the guarantor's estate was to be given the benefit of the equities in its favor, and the wholesaler's recovery reduced by what it had collected on the collateral, since it was not within the contemplation of the parties to the guaranty that the wholesaler should realize a profit over and above satisfaction for any loss by reason of the debtor's failure to pay.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. ☞433.]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by the Cooper Grocery Company against Mrs. E. A. Neblett, executrix. Judgment for plaintiff against the named defendant, and she appeals. Reversed, and cause remanded for new trial between plaintiff and appellant alone.

Chandler & Pannill, of Stephenville, for appellant. A. P. Young, of Stephenville, and Davis & Cocke, of Waco, for appellee.

DUNKLIN, J. The affairs of Frank Neblett, a retail grocery dealer, were duly administered by the federal court in bankruptcy proceedings. One of the claims against the bankrupt adjudicated in that suit consisted of an account and four promissory notes executed by Frank Neblett in favor of the Cooper Grocery Company, a wholesale dealer, for groceries sold to Neblett, who for the purpose of securing the same had hypothecated to the seller certain accounts to be held as collateral. By agreement between the Cooper Grocery Company and the trustee in bankruptcy, which was duly approved by the court, the value of that collateral was fixed at $455.62, the claim credited with that amount, and the collateral turned over to the claimant. The balance due on the claim after deducting that credit was $2,459.44, and the claim was duly approved by the court for that sum.

On July 19, 1910, and subsequent to a sale of a part of the goods, J. W. Neblett executed and delivered to the Cooper Grocery Company his guaranty in writing, reading:

"In consideration of the sale of any kind of merchandise by the Cooper Grocery Company to Frank Neblett, I, we, or either of us hereby guarantee to them and their assigns, unconditionally, the payment of any indebtedness of said Frank Neblett now existing from the said Frank Neblett to the said the Cooper Grocery Company, now residing and doing business in the city of Waco, county of McLennan, state of Texas, not exceeding the sum of one thousand no/100 dollars, and any indebtedness created on this day or hereafter, until notice in writing, and I, we, or either of us consent to any extension of payment made, or hereafter made, and waive notice thereof, and waive the necessity of protest, notice, and suit in all cases between said parties, and consent that the form of said indebtedness may be changed from account to note, bill, or other commercial paper; and I, we, or either of us agree to pay interest at the rate of 10 per cent. per annum from date agreed upon by said purchasers, and 10 per cent. attorney's fee if said debt is placed in the hands of an attorney for collection; and I, we or either of us further guarantee that said indebtedness shall be paid in Stephenville, Erath county, Tex., and we waive the right to be sued elsewhere."

The present suit was instituted by the Cooper Grocery Company against Frank Neblett and J. W. Neblett to recover the unpaid balance of $2,459.44 on the claim which had been filed and adjudicated in bankruptcy.

During the pendency of the suit J. W. Neblett died, leaving a last will and testament, which later was duly probated. Mrs. E. A. Neblett, the independent executrix of the will, was made a party defendant in the present suit, and upon trial judgment was rendered in favor of plaintiff against her as such executrix for the full amount of said claim, from which judgment she has prosecuted this appeal. Judgment was also rendered in favor of Frank Neblett because of his discharge in bankruptcy, and from that judgment no appeal was taken, nor has the Cooper Grocery Company in any manner challenged the correctness of it.

In plaintiff's pleadings it was alleged that Frank Neblett had obtained credit for the goods sold to him by the Cooper Grocery Company by reason of certain fraudulent misrepresentations, and that by reason of the fraud so practiced the debt was not discharged by the decree in bankruptcy.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

By plea in abatement in the nature of an exception Mrs. Neblett presented the question of a misjoinder of causes of action and of parties defendant, on the ground that the suit against Frank Neblett was for a tort, while that against her was upon a contract, and Frank Neblett urged a general demurrer to the demand against him on the ground that only constructive fraud, and not actual fraud, in the purchase of the goods had been alleged. Both those exceptions were overruled, and the correctness of those rulings has been challenged by Mrs. Neblett by two different assignments of error.

[1, 2] Under our liberal system of procedure, it may be gravely doubted that there was an improper joinder of causes of action or of parties. At all events, it does not appear that appellant was in any manner prejudiced by reason of such joinder. Western Nat. Bank v. T. C. U., 176 S. W. 1194, and authorities there cited. Likewise we fail to perceive how the error, if any, in overruling Frank Neblett's demurrer to the suit against him, resulted in harm to appellant, especially in view of the fact that judgment was finally rendered in favor of Frank Neblett.

For the reasons stated, the two assignments last mentioned are overruled.

One of the defenses urged in the answer of Mrs. Neblett to plaintiff's suit consisted in allegations, in effect, that the execution of J. W. Neblett's written contract of guaranty was procured by plaintiff's agent, H. W. Carver, who falsely and fraudulently represented to said J. W. Neblett that by the terms of that instrument J. W. Neblett's liability was limited to $1,000, that J. W. Neblett did not read the instrument, was ignorant of its contents, and was induced to execute the same by reason of said fraudulent misrepresentations by Carver, and that by reason thereof the contract was void.

[3] Frank Neblett was introduced as a witness by the executrix, and testified, in effect, to the facts so pleaded, but his testimony was afterwards excluded on motion of plaintiff, because it tended to prove a transaction with the deceased, J. W. Neblett, and its admission would be in violation of article 3690 of Revised Statutes of 1911.

Even though it should be held, as insisted by appellant, that the joinder of Frank Neblett as a party defendant did not of itself have the legal effect to make him a party to the controversy between plaintiff and the executrix, nevertheless he was a beneficiary under the will of J. W. Neblett, and hence a party in interest to the suit against the executrix, who was defending for his benefit, as well as for all others interested in the estate. Such being his legal status in that controversy, and not having been called by plaintiff to testify upon the issue last mentioned, the court did not err in excluding his testimony. Simpson v. Brotherton, 62 Tex. 170; Gilder v. Brenham, 67 Tex. 345, 3 S. W. 309.

[4] The notes sued on by the plaintiff were executed by Frank Neblett nearly one year after the contract of guaranty had been executed and delivered. In her answer the executrix alleged, in substance, that by reason of that transaction the debtor was granted an extension of time for the payment of the indebtedness, which agreement of extension was without the consent of the guarantor, who was thereby discharged from the guaranty. This defense was destroyed by the provision in the contract of guaranty expressly waiving it as shown above.

[5] Another defense pleaded by the executrix was that at the time the collateral was delivered by Frank Neblett to the Cooper Grocery Company, which was before the commencement of the bankruptcy proceedings, it was agreed by and between said Neblett and the Cooper Grocery Company that, in consideration of such transfer, the Cooper Grocery Company would discharge J. W. Neblett from any liability upon his contract of guaranty.

Upon the trial the executrix offered the testimony of Frank Neblett to prove that agreement, which, according to the witness, was made by and between him and H. W. Carver, agent for and acting in behalf of the Cooper Grocery Company. This testimony was excluded by the court on objection made by plaintiff upon the ground that the effect of the testimony would be to vary by parol evidence the terms of such transfer, which was in writing. That ruling was erroneous, as the rule invoked has no application to proof of the consideration for which a written instrument is executed, where the consideration sought to be proved does not tend to vary the terms of the written instrument. Taylor v. Merrill, 64 Tex. 494; McLean & Curry v. Ellis, 79 Tex. 398, 15 S. W. 394; Tipton v. Tipton, 47 Tex. Civ. App. 619, 105 S. W. 830, and authorities there cited.

[6] It was further alleged by the executrix in her answer that the Cooper Grocery Company had collected and realized from the collateral transferred to it by Frank Neblett the sum of $1,600, which the executrix, at all events, was entitled to have credited upon the indebtedness of Frank Neblett to that company. In support of that defense the executrix proposed to prove by H. W. Carver that the Cooper Grocery Company had actually collected upon said collateral the sum of $1,027.72, and had on hand other collateral uncollected in the sum of $1,011.75, which was worth 15 to 20 cents of its face value. The plaintiff objected to the testimony on the ground that it had purchased the notes and accounts from the trustee in bankruptcy at an agreed valuation of $455.79, which amount had been credited on the debt of Frank Neblett, that by such purchase plaintiff had become the owner of the col-

lateral, and it is therefore irrelevant and immaterial what amount plaintiff had realized upon said collateral after such purchase. The objection was sustained, and we are of opinion that there was error in that ruling.

It is true, as contended by appellees, that by the provisions of the bankrupt act a transfer of collateral to a creditor holding the same at an agreed valuation between the trustee and creditor is authorized, and becomes binding upon approval by the court; but that provision is not of controlling effect upon the question under consideration.

According to old English decisions which have been followed to some extent by American courts, a collateral undertaking to pay the debt or answer for the default of another was strictly enforced, even though in some instances it appeared that the obligee, after satisfaction of that demand, might have another satisfaction from the principal obligor also. But those suits were actions at law in countries where the jurisdiction to determine suits at law and suits in equity were lodged in separate courts. And the decisions seem to proceed upon the theory that the obligor should be held strictly to his contract without regard to equities in his favor which could be invoked in a court of equity only. But those decisions have been overruled by more recent ones, especially in jurisdictions where as in this state the blended system of law and equity practice prevails. According to the latter decisions, in a suit upon a collateral obligation, the obligor will be given the benefit of equities arising in his favor. See 2 Sedgwick on Damages, §§ 784 to 795; Elliott on Contracts, § 2126; Ann. Cas. 1913D, 1152, note. The contract of J. W. Neblett in the present suit was one of guaranty that Frank Neblett would pay the debts mentioned in the instrument, and, in the absence of any equities, the measure of recovery on such a contract would, of course, be the amount due on the debt of the principal obligor. But J. W. Neblett was an accommodation guarantor only, and it clearly appears that it was not within the contemplation of the parties to the guaranty contract that the Cooper Grocery Company should realize a profit therefrom over and above satisfaction for the losses that it might sustain as a result of Frank Neblett's failure to pay his debt. The contract of J. W. Neblett, essentially, was to answer for any loss which the Cooper Grocery Company might sustain as a result of Frank Neblett's failure to pay for the goods he had purchased, even though the proof necessary to establish the amount of such damages might be of a different character from that required to show the amount of recovery for breach of what is, strictly speaking, a contract for indemnity. To allow the Cooper Grocery Company to collect the full amount of the debt guaranteed, and also to keep the proceeds realized by it from the collateral in excess of the amount of credit allowed therefor would be to sanction a double satisfaction of his claim to the extent of such excess, which would clearly be inequitable and contrary to the purpose and spirit of the guaranty, and for that reason the assignment of error now under discussion is sustained.

For the errors indicated, the judgment is reversed, and the cause remanded for another trial between plaintiff and executrix only, the judgment against Frank Neblett being undisturbed.

---

⊙⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error pending in Supreme Court.