**WOODWARD v. BROWN et al.  (No. 6976.)**

(Court of Civil Appeals of Texas.   San Antonio.   May 23, 1923.)

**1. Executors and administrators ⊝⇒221(5)— Evidence held insufficient to support recovery for value of services to deceased person.**

   In an action against an administrator for the value of services in caring for and attend-ing to the business affairs of his intestate, evidence *held* insufficient to support a judgment for plaintiff.

**2. Witnesses ⊝⇒140(9)—Husband of plaintiff disqualified to testify to transactions between plaintiff and deceased.**

   Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in actions by or against administrators, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the intestate, unless called to testify by the opposite party, in an action by a wife against an administrator to recover the value of services rendered his intestate, plaintiff's husband was a necessary party, had a substantial interest in whatever might be recovered, and was disqualified to testify to transactions between his wife and the intestate.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Carrie P. Brown and another against D. K. Woodward, administrator of Mrs. N. J. Black, deceased. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

Brooks, Hart & Woodward, of Austin, for appellant.

John W. Hornsby, of Austin, for appellees.

FLY, C. J.   This suit was instituted by Mrs. Carrie P. Brown, joined by her husband, Sutton L. Brown, against appellant, as the administrator of the estate of Mrs. N. J. Black, deceased, to recover the sum of $1,160, the reasonable value of personal services, alleged to have been rendered by Mrs. Brown for Mrs. Black. The petition alleges that the amount sued for was due for "personal services in attending to the business affairs of the said Mrs. N. J. Black, deceased, and in personal care, nursing and attention given the said Mrs. N. J. Black and in sewing, cooking and house cleaning and in performing other general household duties for the said Mrs. N. J. Black, deceased, as per the itemized statement hereto attached marked 'Exhibit A' and made a part hereof for all proper and pertinent purposes." The record fails to show any exhibit attached to the petition, and there is no allegation as to when the services were performed or where. The petition alleged that Mrs. Black "then and there promised to pay to plaintiff Mrs. Carrie P. Brown so much money as the said personal services so rendered were reasonably worth." Appellant answered by general demurrer and general denial. The court rendered judgment in favor of appellees for $500.

There are three assignments of error presenting the propositions that the evidence failed to show the fair and reasonable value of the services; that the court erred in per-

mitting the husband to testify as to the transactions his wife had with deceased; and that there was no evidence showing that appellant was the administrator of the estate of Mrs. N. J. Black, deceased.

[1] There were witnesses who testified as to the services performed by Mrs. Brown, her daughter, Mrs. Ben H. Wray, her husband, Sutton L. Brown, Mrs. Fay Williams, Mrs. Zalia Cortissoz, and Drs. Weller and Gibson. The testimony of all of them failed to show the performance of the services alleged or that they were performed for any certain period of time. Mrs. Wray swore that she carried a message from Mrs. Black to her mother requesting the latter to come and take care of her; that the daughter moved into the house in which Mrs. Black lived and died, on June 7, 1921; that Mrs. Black died on December 10, 1921. She swore that during that six months' period, her mother waited on Mrs. Black through a spell of sickness, possibly her last sickness; that Mrs. Black was sick for several months during the summer; and that her mother cooked for her, served her meals, cleaned the house, and took care of her business affairs. This was during the sickness, which if for the whole summer could not have been more than three months. No value was placed on them.

Mrs. Wilson saw Mrs. Brown bring "things to Mrs. Black and she would come over to see her and do little things around the house." No value was placed by the witness on the services rendered in bringing "things to Mrs. Black" nor the "little things" she would do "around the house." Mrs. Cortissoz saw Mrs. Brown, in March, 1921, come "every day with nourishment and little dainties and flowers." No value was placed by the witness on the services.

The two doctors swore to the presence of Mrs. Brown with the sick woman during her last illness and testified as to what trained nurses and practical nurses would be paid by the day and by the week, but nothing as to any other services. They gave no basis for a calculation as to what would have been due Mrs. Brown for services as a nurse. Dr. Weller disclaimed any knowledge of the value of such services as Mrs. Brown was rendering on the only occasion on which he visited Mrs. Black, which was in May, 1921. Dr. Gibson called on Mrs. Black three or four times just before her death in December, 1921. On those occasions he saw Mrs. Brown waiting on Mrs. Black, and thought

her services were worth $5 a day. For a week or 10 days before her demise Mrs. Black was attended by Miss Nellie Freund, a registered nurse. The doctor intimated that the services of Mrs. Brown were those of one friend for another. The testimony of the two doctors could not form a basis for a judgment.

Brown, the husband, swore that his wife for the past two years had been called over the telephone "time after time" to go to Mrs. Black. He swore:

"I really don't know how to state it, only that she waited on her for the past two years. * * * My wife did everything that she could the past two years for Mrs. Black."

No value was placed on the services.

[2] The testimony of the husband, Sutton L. Brown, was clearly obnoxious to the statute which provides that in actions by or against executors, administrators, or guardians, in which judgments may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify by the opposite party. Vernon's Sayles' Stats. art. 3690. The husband was a necessary party to the suit, had a substantial interest in whatever the wife might recover, and was therefore disqualified to testify as he was permitted to do as to transactions between his wife and the deceased, Mrs. Black. Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050; Holland v. Nimitz (Tex. Com. App.) 232 S. W. 298; Holland v. Nimitz (Tex. Sup.) 239 S. W. 185. His evidence should have been excluded.

It is not necessary for this court to pass upon the necessity of providing that appellant was administrator of Mrs. Black's estate. He did not deny that he was acting in such capacity, and as there is some conflict between the decision in the cases of Am. Loan Co. v. Bangle (Tex. Civ. App.) 153 S. W. 662, and Schaff v. Nash (Tex. Civ. App.) 193 S. W. 469, which seems to be supported by cases cited from the Supreme Court, we do not deem it necessary to enter the controversy, as the judgment herein must be reversed on the admission of the evidence of the husband of Mrs. Brown, and on the failure of the testimony to establish a basis for a judgment for any sum.

The judgment is reversed, and the cause remanded.