**McCALL et al. v. OWENS et al.**
**No. 1460.**

Court of Civil Appeals of Texas. Waco.
Jan. 25, 1934.

Rehearing Denied March 8, 1934.

E. C. Street and R. L. Henderson, both of Waco, for appellants.

W. L. Eason and Sleeper, Boynton & Kendall, all of Waco, for appellees.

ALEXANDER, Justice.

Mrs. Arabella F. Coates, deceased, left a written will in which D. A. McCall was named as independent executor without bond. After the will had been admitted to probate and said executor had duly qualified, he, as such executor, allowed and paid a claim in favor of his wife, Mrs. Sue McCall, in the sum of $5,000 alleged to be due Mrs. McCall for personal services rendered by her to Mrs. Coates during the last two years of the latter's lifetime. J. T. Owens, the residuary legatee under the will, and C. D. Owens and J. S. Owens, his assignees, brought this suit in the district court against D. A.

McCall and his wife, Sue McCall, and First National Bank of Waco, and alleged that more than one year had elapsed after the probate of said will and that said estate had been fully administered and was ready for partition and distribution among the devisees. The plaintiff prayed that said executor, D. A. McCall, be required to make an accounting of the funds and property that had come into his hands as such executor and for judgment against said executor for such funds and property so belonging to the estate. It was further alleged that the claim presented by Mrs. McCall and paid by said executor was fraudulent and fictitious and had been illegally paid, and that the said D. A. McCall and wife had used a part of the money received by them from said estate in the payment of said fictitious claim in the purchase of certain real property in the city of Waco. The plaintiffs prayed for title and possession of said land as a part of the assets of the estate. It was further alleged that said D. A. McCall was insolvent and that a part of the assets of said estate consisting of money and bonds was in the custody of the First National Bank for safe-keeping and that the plaintiffs were afraid that the said D. A. McCall would misappropriate said property unless the bank was restrained from delivering same to him. The plaintiffs prayed for judgment against the bank for the assets belonging to said estate and in the custody of the bank and for an injunction restraining the bank from delivering the same to the defendant McCall. The jury found that Mrs. McCall did not render any services to Mrs. Coates during the last two years of her lifetime and that Mrs. Coates was not indebted to Mrs. McCall in any sum. Judgment was accordingly entered in favor of the plaintiffs against D. A. McCall individually and as executor of said estate for the title and possession of the bonds and other personal property belonging to said estate and for the sum of $10,682.50, that being the balance of cash on hand and belonging to said estate, including the sum of $5,000 claimed to have been illegally paid to Mrs. McCall. Judgment was also entered in favor of the plaintiffs against D. A. McCall and wife for the title and possession of the real estate alleged to have been purchased with funds belonging to said estate, and judgment was rendered against the bank for the sum of $5,232.-46, that being the amount of funds in possession of the bank and belonging to said estate. D. A. McCall and wife appealed.

Appellants' first contention is that the trial court erred in failing to sustain their plea in abatement. It appears that in November, 1930, after the will had been admitted to probate and the independent executor had qualified, he filed in the probate court of McLennan county an inheritance tax report, as provided in Revised Statutes, art. 7127. Thereafter in November, 1931, said executor filed in said probate court an application to recalculate the inheritance tax. Upon the trial of the case here under consideration, appellants sought to abate this suit on the ground that said application to recalculate the inheritance tax was still pending in the probate court and that by reason thereof said estate was in process of administration, in that court and consequently the probate court alone and not the district court had jurisdiction to determine the validity of Mrs. McCall's claim as well as the other matters here in controversy. The trial court overruled the plea in abatement, and the appellants assign this as error.

There are several reasons why we think there was no error in the ruling of the trial court. In the first place, there was no evidence introduced to show that the application to recalculate the inheritance tax, which was filed in the probate court in November, 1931, was still pending and undisposed of at the time of the hearing on the plea in abatement herein in April, 1932. The burden was upon the appellants to prove the essential facts alleged in the plea and upon their failure to do so the court properly overruled the plea in abatement. 1 Tex. Jur. 180. In the second place, the will authorized the executor to administer the estate independent of the probate court, and it was being so administered. The probate court did not have jurisdiction to administer the estate and consequently had no authority to determine the legality or illegality of Mrs. McCall's claim. The mere fact that Revised Statutes, art. 7131, authorized the county judge, upon the filing of a proper report, to determine the amount of inheritance tax due by the estate in such a case, did not confer upon the probate court general jurisdiction over the estate. The filing of such report conferred jurisdiction for only a limited purpose, that of determining the amount of such tax. The pendency before the county judge of the application to recalculate the inheritance tax, if it was so pending, did not deprive the district court of jurisdiction to try and determine the matters here in controversy. In the third place, the suit involved the rights of third parties who could not have been made parties to the probate proceedings, and the matters involved were such that the pro-

bate court could not have given complete relief. Consequently, the district court had jurisdiction to try the cases. 14 Tex. Jur. 305; Fryckberg v. Scott (Tex. Civ. App.) 218 S. W. 21-24; Cannon v. McDaniel, 46 Tex. 303; Phillips v. J. B. Watkins Land Mortgage Co., 90 Tex. 195, 38 S. W. 270, 470; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 565; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708.

■ The appellants, D. A. McCall and wife, Sue McCall, each proposed to testify as to the amount and character of personal services rendered by Mrs. McCall to Mrs. Coates during her lifetime, which alleged services constituted the basis of the $5,000 claim presented by Mrs. McCall against the estate. These witnesses would have testified, had they been permitted to do so, that for more than two years prior to Mrs. Coates' death they lived in the same house with Mrs. Coates and in an apartment adjoining the apartment occupied by Mrs. Coates; that Mrs. Coates lived alone and was old and in feeble health and without any servants to wait on her; that Mrs. McCall was called upon to assist and did assist Mrs. Coates many times each night in going to and returning from the bathroom, and was in almost constant attendance upon her during the last two years of her life; and that sometimes when Mrs. Coates was present and sometimes when she was away from home Mrs. McCall frequently made clothes, cleaned house, and prepared meals for Mrs. Coates; and that all of such services were performed with the expectation of receiving compensation therefor. The trial court excluded this evidence on the ground that it was evidence as to transactions with the deceased and prohibited by the provisions of Revised Statutes, art. 3716, known as the dead man's statute.

The statute prohibits either party, unless called by the opposite party, from testifying as to any transaction with the deceased where the suit is by or against an executor, administrator, or guardian in which judgment may be rendered by or against them as such. We are of the opinion that all of the testimony offered by the appellants and rejected by the court was "as to a transaction with the deceased" as prohibited by the statute. It is true that Mrs. McCall proposed to testify that some of the services performed by her for Mrs. Coates, such as cleaning house, cooking meals, and making clothes, were performed out of Mrs. Coates' presence. This, however, does not alter the case. The services claimed to have been rendered were such as would have necessarily come to the immediate attention of Mrs. Coates, and mere proof of the performance of such services and the implied acceptance thereof by Mrs. Coates, in the absence of a protest by her, might be sufficient to raise an implied promise on her part to pay therefor. In fact, the evidence was offered for that very purpose. It constituted a part of the alleged transaction forming the basis of the cause of action. The object of the statute is to prevent the living party from testifying to a transaction forming the basis of the lawsuit, or a defense thereto, where the other party but for his death could, and possibly would, deny, rebut, or explain it of his own knowledge. Mrs. Coates, if living, could deny that any such services were ever rendered for her, or could explain that the circumstances under which such services were rendered were such that there was no obligation to pay therefor. Her lips have been closed by death; and to allow Mrs. McCall to thus establish her cause of action by testifying to such transaction would be to give her an advantage forbidden by the statute. We hold that the testimony was as to a transaction with the deceased. Holland v. Nimitz, 111 Tex. 424, 232 S. W. 298, 239 S. W. 185; Parks v. Caudle, 58 Tex. 216, 221; Moores v. Wills, 69 Tex. 109, 112, 5 S. W. 675; Dominguez v. Garcia (Tex. Civ. App.) 36 S.W.(2d) 299.

■ We likewise think the action is one by or against an executor in which judgment might be rendered against him as such. The suit was brought by the residuary legatee under the will against Mrs. McCall and against D. A. McCall individually and as executor. The petition alleged that the said D. A. McCall was executor of said estate and prayed that he be required to make an accounting of all property and funds that had come into his hands as such executor, and for judgment against him for all funds and property, including the item of $5,000 claimed to have been illegally paid by him as such executor to Mrs. McCall. The main object of the suit was to determine whether or not Mrs. McCall should be permitted to retain in her possession the sum of $5,000 theretofore received from said estate and claimed to be due her by said estate for services rendered. There was therefore a direct contest between Mrs. McCall and the estate of which D. A. McCall was the executor, and both the letter and the spirit of the law prohibited Mrs. McCall from testifying to said transactions with the deceased for the purpose of

establishing her right to the funds in question. It was claimed that the money was due Mrs. McCall for personal services rendered by her. Therefore the money, if collected, would have constituted community property. 23 Tex. Jur. 117. D. A. McCall was the husband of Mrs. Sue McCall and was equally interested with her in the funds to be collected, and consequently his testimony was inadmissible under the provisions of the same statute, not only because he as executor was a party to the suit, but because of his interest in the funds claimed by his wife. Woodward v. Brown (Tex. Civ. App.) 252 S. W. 337; Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050; Simpson v. Brotherton, 62 Tex. 170.

The appellants contend that the above statute (article 3716) does not apply because one of the parties to the suit, the plaintiff, sues as legatee. It is true that legatees are not named in the statute, and that where the suit is by or against a legatee only and the other party to the suit is not one of those named in the statute, such as executor, administrator, or guardian, the statute has no application. Newton v. Newton, 77 Tex. 508, 14 S. W. 157. But where the suit is by or against any one of those named in the statute, the inhibition applies regardless of the capacity in which the other party sues or is sued. The executor as such is a party to this suit and the provisions of the statute therefore apply. Neblett v. Cooper Grocery Co. (Tex. Civ. App.) 180 S. W. 1162.

We have carefully considered all other assignments of error and find them to be without merit.

The judgment of the trial court is therefore affirmed.

### On Motion for Rehearing.

The appellants, in their motion for rehearing, contend that we erred in holding that Mrs. McCall was not entitled to testify with reference to the services performed by her for Mrs. Coates and particularly with reference to the services claimed to have been performed by her out of Mrs. Coates' presence. They cite in support of their contention the following authorities: Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451; Potter v. Wheat, 53 Tex. 401; Williams v. Neill (Tex. Civ. App.) 152 S. W. 693; Hamilton v. Starr (Tex. Civ. App.) 27 S. W. 587; Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358; Buckler v. Kneezell (Tex. Civ. App.) 91 S. W. 367 (writ refused). According to the bill of exception, Mrs. McCall, if permitted, would have testified that practically every day for a period of two years immediately prior to Mrs. Coates' death she rendered services for Mrs. Coates, such as cleaning house, making clothes, and preparing meals for her, and that such services were rendered away from and out of the presence of Mrs. Coates. The trial court excluded this evidence.

We recognize the rule that in actions to recover for services rendered to a decedent, where the employment has been completely proven by other evidence, a plaintiff may describe the things which he did in the performance of the contract, provided such acts were done in the absence of the deceased and without his immediate and personal participation and are such that the deceased, if living, could not contradict such testimony. Jones Commentaries on Evidence (2d Ed.) vol. 5, p. 4377; Potter v. Wheat, 53 Tex. 401; Buckler v. Kneezell (Tex. Civ. App.) 91 S. W. 367 (writ refused). But where the contract of employment is not fully proven by other evidence and the services claimed to have been performed were personal in their nature, or of such character that knowledge of the performance thereof must necessarily have come to the immediate attention of the deceased, and evidence of the rendition of such services under the circumstances will necessarily attribute to the decedent some act or attitude with respect thereto, then the incident to which the evidence relates amounts to a "transaction with the deceased" and plaintiff's evidence thereof is inadmissible. Jones, Commentaries on Evidence (2d Ed.) vol. 5, p. 4371; 40 Cyc. 2319; Barnhill v. Kirk, 44 Tex. 589; Heath v. Moore (Tex. Civ. App.) 146 S. W. 709; Clifton v. Meuser, 79 Kan. 655, 100 P. 645; Cash v. Kirkham, 67 Ark. 318, 55 S. W. 18; Herring v. Herring's Estate, 94 Iowa, 56, 62 N. W. 666; Newton v. Field, 98 Ky. 186, 32 S. W. 623; Lodge v. Fraim, 5 Pennewill (Del.) 352, 63 A. 233.

In the case at bar, Mrs. McCall was not suing to recover on an expressed contract of employment, but was asserting a right to recover on quantum meruit for the reasonable value of services rendered in cleaning house, preparing meals, and making personal wearing apparel for Mrs. Coates. The services claimed to have been rendered were such that knowledge of the performance thereof would necessarily come to the immediate attention of Mrs. Coates, and evidence of the performance of such services could not be detailed before the jury without thereby attributing to Mrs. Coates the attitude of know-

ingly accepting such services and impliedly agreeing to pay therefor. Mere proof of the performance of such services under the circumstances would be evidence of a "transaction" participated in by both Mrs. McCall and Mrs. Coates, in which the former served and the latter knowingly accepted and impliedly agreed to pay for the services rendered. Such evidence was inadmissible.

The motion for rehearing is overruled.