## DELHA EASTHAM v. PATTY & BROCKINGTON ET AL.

### Decided November 26, 1904.

**1.—Evidence—Contents of Lost Paper.**

In an action on a note wherein defendant had pleaded payment it was error to permit defendant to testify what his recollection was as to what payment he claimed were shown on a leaf he had torn out of his ledger, such leaf having been lost and being a mere memorandum not constituting primary evidence.

**2.—Payment—Burden of Proof.**

Where defendants, sued on a note, pleaded payment and claimed credit for money remitted by them to one who was agent for plaintiff and also for another creditor of theirs, the burden of proof was on defendants to show, there being no credit for the remittance entered on the note, that this payment should have been applied on the note, and the mere fact that the money was sent to the agent was not sufficient.

**3.—Special Verdict—Conflicting Findings.**

Where there is a special verdict and a general verdict which conflict, no judgment can be entered, and the verdict must be set aside.

**4.—Same—Right to Have Judgment Conform to Verdict.**

In an action on a note there was a judgment in plaintiff's favor for part of the amount of the note, based on special findings of the jury as to payments made. There was also a general finding by the jury that the note had been paid in full by defendants. Held, that the fact that the judgment was more favorable to plaintiff than the finding of the jury warranted did not debar plaintiff from her right to have it set aside, since she was entitled to have a judgment that conformed to the verdict.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

*Wear, Marrow & Smithdeal* and *A. G. Walker,* for appellant.

*Vaughan & Works,* for appellees.

RAINEY, CHIEF JUSTICE.—This is a suit by appellant to recover on a note executed by appellees Patty & Brockington, and to foreclose a lien on certain lands claimed by the other appellees.

The defendants plead payment. The answer in substance alleged that the land mentioned as security was sold to certain parties made parties to this suit, with the consent of appellant, and that the proceeds of such sale were to be applied to the payment of said note. That said land was sold for part cash and part notes for the deferred payments, and said cash and notes were paid to said appellant, who accepted the same as payments on the note sued on, which more than paid off and canceled said note. The court submitted special issues to the jury, who found that said note had been overpaid by $396.19, and judgment was rendered for appellees accordingly. In acting upon the motion for new trial, and upon the appellees entering a remittitur of said sum of $396.19, the court reformed the judgment, decreeing appellant the sum of $800.66. To this action appellant excepted and prosecutes this appeal.

On the trial defendant Patty was permitted to testify, over objection, what his recollection was as to what payments he claimed were shown on the leaf he had torn out of his ledger, which leaf had been lost. The appellees had plead the payment of $1,900 on a certain date, and it was in reference to this payment the evidence was introduced. We think this evidence was inadmissible. If he recollected the paying of said amount he could so testify, but it was improper to establish the payment by his recollection of the entry on the lost leaf. The entry amounted to a mere memorandum from which he might have refreshed his memory, had it been present, but it was not such an entry as constituted primary evidence. The jury having found against said payment, the admission of said evidence becomes immaterial, but we have discussed it that this error may not occur on another trial.

In reference to the payment of the said $1,900, evidence was admitted, over objection, showing that J. M. Loveless paid B. K. Brockinton a check for $2,000 on land, which check was collected by Brockinton. There is no evidence showing that any part of this $2,000 was paid on the note sued on. This being so, it was error to admit such evidence. This was immaterial, as the jury found against the $1,900, and is only noticed in view of another trial.

The court refused to give the following special instruction, requested by appellant, viz.: "You are instructed that even though you believe that the sum of $330 in controversy was remitted to J. B. Jones for the plaintiff on the 16th day of July, 1899, still if the same was a payment on some other indebtedness due by Patty & Brockinton to the

plaintiff or some one else, you must not consider the same as a payment on the note sued upon."

The evidence shows that this sum was remitted to J. B. Jones by Patty without instructions as to its application. Jones was the agent of T. A. Alston, as well as of plaintiff, Patty being indebted to both. Jones testified that all sums received by him were properly applied on the indebtedness of Patty & Brockinton to appellant and to T. A. Alston, and said sum was not credited on the note sued upon. Under this testimony the special charge should have been given. Defendants had plead payment, and the burden was on them to show that this payment should have been applied to the note in suit. Under the circumstances, the fact that the money was sent to Jones is not sufficient.

The judgment does not conform to the verdict of the jury. The jury found in answer to certain questions asked by the court that certain amounts had been paid for which Patty & Brockinton were entitled to credits on the note sued on. These credits, together with credits admitted by plaintiff, which were not submitted, were sufficient to reduce the note to the amount of the judgment. If this were all, then the judgment would find support in the findings. But the jury, in reply to the specific issue as to payment of the note, found that "the defendant Patty has paid off and discharged the note sued on, principal and interest," and further that "the defendant Patty has overpaid plaintiff the principal and interest of the note sued upon to the amount of $396.19." The findings were general in their nature and disposed of the issue of payment in favor of the defendants, and the court had no authority to render a different judgment. It is true that appellees entered a remittitur of the $369.19, but that did not relieve the finding that the note had been paid off and discharged.

In a jury trial it is settled law of this State that the judgment must correspond with the verdict. The citation of authorities is unnecessary. It is also held by our Supreme Court that where there is a special verdict and a general verdict which conflict, no judgment can be entered, and the verdict should be set aside. Blum v. Rogers, 71 Texas, 668.

While the finding of the jury as to the special credits found is not in conflict with the general finding as to the full payment, yet the judgment is in conflict with the finding that the note had been fully paid, and such judgment should not have been so entered. That the judgment is more favorable to appellant than the finding of the jury warranted, is immaterial. She is entitled to have a judgment that conforms to the verdict of the jury. The appellees admitted plaintiff's cause of action, except in so far as the defense of payment might be shown. The jury found in appellees' favor as to payment, and because he received more than he was entitled to he can not avail himself of the court's error in rendering a judgment different from the verdict of the jury.

For the errors indicated the judgment is reversed and cause remanded.

*Reversed and remanded*