### ANGELINE TIPTON ET AL. v. R. J. TIPTON.

Decided November 27 1907.

**1.—Pleading—Charge—Verdict.**

An instruction to award plaintiff as damages the value of the crops grown on certain land during two years was erroneous where his claim as pleaded was only for the rents of the land during such time and these were alleged to be one-third of the grain and one-fourth of the cotton raised thereon; and the damages assessed in pursuance of such charge could not be presumed to be for the value of the rental share only, though the evidence justified such conclusion, where the verdict specifically found the sum assessed to be the value of the grain and cotton grown on the premises during the year in question.

**2.—Consideration—Parol and Written Agreement—Vendors Lien.**

Though a contract for sale of land recited as the consideration only cash paid an additional consideration may be shown by parol evidence to have been agreed on, and the vendor may have foreclosure of his lien therefor.

**3.—Same—Limitation of Title Conveyed.**

A parol agreement, on sale of land, that the grantor was to have during life the rents of the property sold was not invalid as defeating the estate created by the conveyance.

Appeal from the District Court of Hill County. Tried below before Hon. A. P. McKinnon, Special Judge.

*Morrow & Smithdeal,* for appellants.—The land in controversy having been conveyed by Mrs. R. J. Tipton to E. G. Tipton by general warranty deed without any limitation contained in the deed, the proof that at the time the deed was made it was agreed that Mrs. R. J. Tipton was to receive the rents on the farm during her lifetime, was a limitation upon the title conveyed by a deed absolute on its face and not provable by parol testimony. Ragsdale v. Mays,

65 Texas, 257; Rogers v. Williams, 63 Texas, 128; Scarborough v. Alcorn, 74 Texas, 363; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 72; East Line R. R. Co. v. Garrett, 52 Texas, 139; Walker v. Renfro, 26 Texas, 144; Weaver v. Gainesville, 1 Texas Civ. App., 286.

It appears from the allegations in plaintiff's petition and the undisputed proof that the plaintiff had conveyed the land to E. G. Tipton by a general warranty deed without any reservation expressed in the deed, the court should have instructed a verdict for the defendant. The verdict of the jury can form no basis for a judgment in this case, in that it is not responsive to the pleadings and estimates the entire value of the grain and cotton on said premises and does not estimate or find the amount of rents due thereon and does not estimate what part of same is grain and what part is cotton. Williams v. Smith, 98 S. W. Rep., 916; Eastham v. Patty, 83. S. W. Rep., 885; Blum v. Rogers, 71 Texas, 668; Akin v. Jefferson, 65 Texas, 141.

*W. E. Spell, J. D. Basham* and *R. M. Vaughan,* for appellee.— Appellee's suit being to enforce and foreclose her vendor's lien that was created and existed by operation of law to secure her in the payment of the consideration agreed to be paid for the land conveyed by her to E. G. Tipton, the evidence complained of was not a limitation upon the title conveyed by the deed to said E. G. Tipton, but in effect affirmed the title conveyed by said deed. Briscoe v. Bronaugh, 1 Texas, 326; Senter & Co. v. Lambeth, 59 Texas, 259; Irvin v. Garner, 50 Texas, 53; Osborn v. Cummings, 4 Texas, 13; Neel v. Prickett, 12 Texas, 138; Fisk v. Wilson, 15 Texas, 433; Orme v. Roberts, 33 Texas, 772; Swain v. Cato, 34 Texas, 379; Houston v. Dickson, 66 Texas, 79; White, Smith & Baldwin v. Downs, 40 Texas, 231; Darrow v. Summerhill, 93 Texas, 103; Clark v. Collins, 76 Texas, 36; Slaughter v. Owens, 60 Texas, 672; Marshall v. Marshall, 42 S. W. Rep., 353; Taylor v. Merrill, 64 Texas, 494; Womack v. Wamble, 7 Texas Civ. App., 273.

The charge of the court construed together is not subject to the criticisms made by said assignments, and as a whole properly presents the law applicable to the issues raised by the pleadings and presented by the evidence. East Line, etc., Ry. v. Smith, 65 Texas, 167; Kaufman v. Babcock, 67 Texas, 243; Texas, etc., Ry. v. Douglas, 73 Texas, 331; Moore v. Moore, id., 387; Jacobs v. Hawkins, 63 Texas, 3.

The verdict of the jury is sufficient to support the judgment rendered, as from the pleadings, evidence and charge of the court it clearly appears that by the verdict returned the jury found that the sum of $962.50 was the value of the rents for 1904 and 1905 up to May 25, 1906, based on one-fourth of cotton and one-third of grain raised on said land during said period of time and con-

strued in the light of the pleadings, evidence and instructions, the verdict can have but one rational meaning, viz.: that the sum of $962.50 represents and is the findings of the jury to be the value of said rents for said period of time.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against the heirs of E. G. Tipton, deceased, seeking a moneyed judgment and the foreclosure of a vendor's lien upon 115½ acres of land, conveyed by appellee to E. G. Tipton. The deed recited a cash consideration of $1800, but the plaintiff alleged as an additional consideration a parol agreement between herself and E. G. Tipton, to the effect that she was to be paid the rents for the land during the remainder of her life. It was further alleged that the rents consisted of one-third of all the grain and one-fourth of all the cotton grown upon the land, and was of the alleged value of $400 per annum. The plaintiff sought to recover $400 per annum from the year 1884 to May 25, 1906, when her amended petition was filed.

The answer of the defendants included a general denial, pleas of limitation and res adjudicata. The court sustained the plea of limitation, and limited the plaintiff's right of recovery to two years next before the filing of her amended petition.

There was a jury trial, which resulted in a judgment in favor of the plaintiff for $800, and the defendants have appealed.

We sustain the assignments of error which complain of that portion of the court's charge which instructed the jury, if they found that the contract was made as alleged by the plaintiff, to estimate the value of the crops grown on the land for two years next before the date of May 25, 1906, and to find a verdict for the plaintiff for the amount so estimated; and of the action of the court in rendering judgment for the plaintiff upon the verdict rendered in conformity with that charge.

But for the language of the verdict, in view of the uncontradicted testimony in the record, we might adopt the suggestion in appellee's brief to the effect that the jury were not misled by the charge, and decided the case upon the theory that the plaintiff was only entitled to a portion of the crops raised upon the land; but the suggestion referred to can not reach and cure the fundamental error in the judgment. The verdict reads as follows: "We, the jury, find for the plaintiff, and further find that the value of the grain and cotton grown on the premises in controversy for two years next before May 25, 1906, is $962.50; and we further find that the plaintiff was to be paid said sum as a part of the consideration of said land in controversy, and that the plaintiff has a lien on said land to secure the payment of said sum, and said lien is hereby foreclosed."

The plaintiff remitted $162.50, and the court rendered judgment for her and against the defendants for $800. The plaintiff did not seek to recover the value of all of the products raised upon the

land, but only a portion thereof, and when the jury, in response to the charge of the court, found in specific and certain terms that the entire product of the land for the two years in controversy was only $962.50, it was fundamental error for the court to render judgment for the plaintiff for $800, because that was in excess of the proportionate part claimed by her in her petition. If the verdict had stated how much of the $962.50 was for cotton and how much was for grain, it might have been permissible to render judgment for the plaintiff for one-fourth of the value of the cotton and one-third of the value of the grain; but the verdict finding only the aggregate value of all the crops, does not furnish a basis for any judgment for the plaintiff. It is a well settled rule of law that in jury cases the judgment must be based upon and in conformity with the verdict, and that the court can not properly render a judgment that is inconsistent with the verdict. (May v. Taylor, 22 Texas, 349; Bledsoe v. Wills, 22 Texas, 650; Akin v. Jefferson, 65 Texas, 141; Blum v. Rogers, 71 Texas, 668; Eastham v. Patty, 83 S. W. Rep., 885; Williams v. Smith, 98 S. W. Rep., 916.)

On the other questions presented we rule against the appellants. It is well settled in this State that when a deed merely recites a moneyed consideration, an additional consideration may be shown by parol evidence, and a suit maintained to enforce the contract for such additional consideration. (Taylor v. Merrill, 64 Texas, 496; McLean v. Ellis, 79 Texas, 400; Martin & Rogers v. Rotan Grocery Co., 3 Texas Ct. Rep., 865; Moroney v. Coombes, 13 Texas Ct. Rep., 527; Womack v. Wamble, 27 S. W. Rep., 154; Johnson v. Elmen, 24 Texas Civ. App., 45.) We do not think that the contract by which the plaintiff was to receive the rent derived from the premises constitutes such a limitation upon the title conveyed as to take this case out of the rule referred to and applied in the cases just cited.

For the reasons above stated the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*