FREIDENBLOOM v. McAFEE. (No. 298.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1914. Rehearing Denied May 28, 1914.)

1. JUDGMENT (§ 565*)—CONCLUSIVENESS—DISMISSAL "WITHOUT PREJUDICE."

A judgment sustaining a plea in abatement and dismissing the suit without prejudice to plaintiff's right to file a new suit did not bar a new suit by plaintiff on the same cause of action; a dismissal "without prejudice," even though erroneous, allowing a new suit to be brought.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1018; Dec. Dig. § 565.*

For other definitions, see Words and Phrases, vol. 8, pp. 7507–7509, 7837.]

2. PARTNERSHIP (§ 317*)—ACCOUNTING—LEGALITY OF OBJECT.

That a partner was insolvent and owed a large amount of money to his creditors and invested money in the partnership for the fraudulent purpose of placing it beyond the reach of his creditors did not defeat his right to a partition and accounting from the other partner.

·[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 733; Dec. Dig. § 317.*]

3. APPEAL AND ERROR (§ 719*) — ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

An error in overruling a demurrer to a plea of res adjudicata was a fundamental error, and objections to the assignment complaining thereof were not well-founded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Action by J. A. Freidenbloom against J. L. McAfee. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

F. G. Morris and Patterson, Wallace & Gardner, all of El Paso, for appellant. S. P. Weisiger ·and Bates McFarland, both of El Paso, for appellee.

McKENZIE, J. Appellant, J. A. Freidenbloom, sued appellee, J. L. McAfee, for partition of certain real estate and an accounting of an alleged partnership between them which was formed for the purpose of buying and selling real estate, and building houses and renting the same in El Paso, Tex., said partnership being formed during the year 1899, and was to continue 10 or 12 years, and was to be carried on in the name of appellee, and all property purchased or acquired by virtue of the said partnership was to be taken and held in appellee's name, and that under said partnership a large amount of real estate had been accumulated and taken in appellee's name. Appellant sued for a half interest in all the real estate and for an accounting of all the moneys received by appellee on account of said partnership.

[1] The defendant answered, among other

defenses, by plea of res adjudicata, setting out at length in said plea the pleadings and judgment of a former suit, to which plea the plaintiff demurred. The trial court overruled the demurrer and sustained the plea of res adjudicata to plaintiff's cause of action. The judgment set out in the plea of res adjudicata is as follows:

"In the District Court, Forty-First Judicial
District of Texas, in and for El
Paso County, Texas.

"J. A. Freidenbloom v. J. L. McAfee.
No. 8775.

"Be it remembered that on the 9th day of December, 1911, came on to be heard the plea in abatement of the defendant, to plaintiff's cause of action herein, said plea in abatement having been filed herein December 7, 1911, and the court, having heard the said plea, and the evidence adduced on said hearing thereof, in support of said plea, and the argument of counsel for both parties thereon, and having taken the same under advisement until this the 11th day of December, 1911, and being fully advised in the premises, is of the opinion that said plea of abatement should be in all things sustained; it is therefore the order, judgment, and decree of the court that defendant's said plea of abatement be and the same is hereby in all things sustained, and this suit is hereby this 11th day of December, 1911, dismissed at the cost of the plaintiff, without prejudice to the rights of the plaintiff to file a new suit; and it is further ordered that the defendant have and recover of and from the plaintiff all costs by him incurred herein, for which let him have his execution. To which ruling and judgment of the court plaintiff then and there excepted and gave notice of appeal to the Eighth Court of Civil Appeals at El Paso, Tex."

The first assignment of error complains of the action of the trial court in overruling the demurrer to the plea of res adjudicata. The judgment in the former suit was entered, sustaining the plea in abatement, and, by an examination of same, it will be noted that the former suit was dismissed at the cost of the plaintiff, without prejudice to the rights of the plaintiff to file a new suit. We are of opinion that the provision in the judgment that the suit be dismissed without prejudice to the rights of the plaintiff to file a new suit would permit him to file such other suit, and that such judgment would not be a bar to a new action.

In Black on Judgments, § 721, it is said: "Where a bill is dismissed 'without prejudice,' the effect of the reservation is to prevent the decree from constituting a bar to another suit brought upon the same subject-matter. The purport of a decree so framed is that such dismissal shall not operate as a bar to a new suit which the party may institute; it does not debar the defendant of any defense which he might be entitled to make in the new suit, and confers no privilege on the complainant; and it will not have the effect of excepting from the time prescribed by the statute of limitations the time of the pendency of that suit. In fact, the effect of the reservation is merely to prevent the decree from constituting a bar to another suit brought upon the same title, but it by no means compromits the court as a judicial determination in favor of that title. Nor does it alter the case that the court erred, by dismissing the bill 'without prejudice,' when it ought to have been dismissed finally upon the merits. If the decree is absolutely void for want of authority to make such a reservation, there is no valid adjudication to stand in the way of a new suit. And, if it is merely irregular or erroneous, it must be corrected on appeal, and, until that is done, it must stand as rendered and cannot be impeached collaterally. Conversely, if the reservation is omitted where it ought to have been inserted, the error will be corrected in the court above."

To the same effect is Van Fleet's Former Adjudication, p. 67, § 45, which holds that a dismissal of a bill without prejudice or without prejudice to another action, even though erroneous, will not bar a new suit.

In 23 Cyc. p. 1144, it is said: "If a bill or complaint is dismissed 'without prejudice' (that is, without prejudice to the right to bring another suit or take further proceedings), it has not the force of an adjudication on the merits and cannot be pleaded in bar of another suit upon the same cause of action, even though plaintiff presents no better or stronger case; and, according to the better opinion, it is immaterial that the words 'without prejudice' were erroneously or improperly added. But it has been held that these or equivalent words clearly expressing a saving of rights must be expressed in the judgment or decree; and, if the dismissal is specified to be without prejudice to certain specific rights or claims, it may operate as an estoppel as to all rights or claims not embraced within the reservation."

We have examined numerous authorities, and they are practically uniform in holding that the judgment in question would not bar a new suit. We are therefore of the opinion that the court erred in overruling the demurrer, and the assignment should be sustained.

[2] In view of the reversal and remanding of this cause, we deem it proper to pass upon the question of illegality of the contract of partnership. Appellee contends that the partnership was illegal, and that the court should not compel the partition and accounting as prayed for, because at the time of the alleged partnership contract, and at the time it was alleged the money was paid into said partnership firm by appellant, the appellant was insolvent and owed a large amount of money to his creditors, and that the money so invested in said partnership was for the

fraudulent purpose of placing same beyond the reach of said creditors and with intent to delay, hinder, and defraud said creditors.

In Bates on Partnership, vol. 1, p. 127, § 122, it is said: "Where the business is legal, but the motives for forming the partnership are in fraud of the rights of others, and hence voidable as to them, the partners can be compelled to account to each other. As, where two persons form a firm for the purpose of hindering the creditors of one of them, this fact is no defense to a bill for settlement of the concern."

The principle as announced is applicable to the case at bar. The partnership, from the allegations of the petition, was entered into for the purpose of buying real estate in El Paso, improving, selling, and renting same, which was a legal business, and the fact that the money invested by the appellant in said concern, under the authorities, would not be such a fraudulent purpose as to prevent a partition and an accounting. Harvey v. Varney, 98 Mass. 118.

[3] Appellee objects to the consideration of the assignments of error upon various grounds. As to the first assignment of error, we are of the opinion that the objections are not well-founded. The error in overruling appellant's demurrer to the plea of res adjudicata presents a question of fundamental error. The objections to the consideration of the other assignments of error need not here be considered, because, in view of another trial, we feel called upon to pass upon the question as to the legality of the partnership contract.

For the reasons indicated, this cause is reversed and remanded.