## STEWART v. SCHAFF. (No. 133.)

(Court of Civil Appeals of Texas. Waco. Jan. 8, 1925. Rehearing Denied Feb. 12, 1925.)

1. **Railroads** ⬅➾317—**Finding of violation of speed ordinance finding of negligence per se.**

Finding that railroad train was operated at rate of speed in violation of city ordinance amounts to finding of negligence per se on part of railroad, where the ordinance has been duly pleaded and proven.

2. **Railroads** ⬅➾352—**Special findings on contributory negligence held contradictory.**

Findings of jury on special issues regarding plaintiff's contributory negligence at railroad crossing *held* contradictory.

3. **New trial** ⬅➾60—**Jury's contradictory findings should be set aside and new trial granted.**

Jury's contradictory findings on special issues should be set aside, and a new trial granted.

4. **Trial** ⬅➾358—**Judgment on conflicting findings on special issues held erroneous.**

Entry of judgment on conflicting findings for defendant on special issues *held* erroneous.

Error from District Court, Ellis County; W. L. Harding, Judge.

Suit by W. C. Stewart against C. E. Schaff, receiver. From a judgment for de-

fendant, plaintiff brings error. Reversed and remanded.

Clyde F. Winn, of Waxahachie, and Bailey, Nickels, & Bailey, of Dallas, for plaintiff in error.

C. C. Huff, of Dallas, and G. C. Groce, of Waxahachie, for defendant in error.

STANFORD, J. This was a suit by plaintiff in error for damages for personal injuries and damage to his automobile resulting from being struck by a freight train being operated by defendant in error, while plaintiff, driving along one of the principal streets within the corporate limits of the city of Waxahachie, was attempting to pass over the track of the defendant in error. The pleading and the evidence were sufficient to raise issues of fact for the determination of the jury as to negligence of the receiver in the operation of said train, and also as to contributory negligence on the part of the plaintiff in attempting to cross said track under all the circumstances.

[1, 2] The case was submitted to the jury on special issues. In response to the first special issue the jury found that the defendant in error was operating said train at a rate of speed in excess of six miles per hour, which was the limit allowed by the city ordinances of said city, and which ordinance had been duly pleaded and proven; hence this amounted to a finding of negligence per se on the part of the defendant in error. In answer to the second special issue the jury found said negligence was a proximate cause of the collision. In response to the sixteenth and seventeenth special issues the jury found that plaintiff in error, by reason of said collision, suffered damages to the extent of $2,-300. These findings were sufficient to authorize and require judgment for said amount for plaintiff, unless there were other findings convicting plaintiff of contributory negligence.

The court submitted four special issues upon contributory negligence, which, with the answers thereto, were as follows:

"Special Issue No. 7. Did the plaintiff, in driving the automobile up to and upon the railroad crossing in the manner and the circumstances under which he did, fail to exercise that degree of care for his own safety that a man of ordinary care would have exercised under the same or similar circumstances? Answer: No."

"Special Issue No. 9. Did any act or omission of the plaintiff in approaching and entering upon the crossing at the time of the accident under all the circumstances existing at the time amount to negligence on his part, as that term has been been defined to you? Answer: Yes.

"Special Issue No. 10. If you have answered question No. 9 in the negative, then you need not answer this question, but, should you answer said question No. 9 in the affirmative, then you will answer the following question: Do you believe from the evidence that such act or omission on the part of the plaintiff was a proximate cause of the collision? Answer: Yes.

"Special Issue No. 11. Do you believe from the evidence that, as the plaintiff approached the crossing and before driving thereon, by the exercise of ordinary care under all of the then existing circumstances, he could have seen or heard the train as it approached said crossing in time to have stopped his automobile and thereby prevented the accident? Answer: Yes.

"Special Issue No. 11a. If you answer question No. 11 in the affirmative, then answer this question: Was the plaintiff guilty of negligence in failing to see or hear the approaching train in time to stop his car before going upon the crossing? Answer: No."

The court rendered judgment for defendant. Plaintiff in error makes the contention in several assignments that the court erred in rendering judgment for defendant in error and in refusing to set aside said findings of the jury and grant a new trial, on the ground of irreconcilable conflicts in the various findings on contributory negligence.

The answer to the seventh special issue is equivalent to an affirmative finding that plaintiff in driving the automobile up to and upon the railroad crossing in the manner and circumstances under which he did exercise that degree of care for his own safety that a man of ordinary care would have exercised under the same or similar circumstances, and, the degree of care that a man of ordinary care would have exercised under the same or similar circumstances being the legal test to determine negligence or no negligence, said finding is equivalent to an affirmative finding that plaintiff in approaching and entering upon said crossing in the manner and the circumstances under which he did was not guilty of any negligence. In answer to the ninth issue it is equally clear that the jury found that plaintiff in approaching and entering upon the crossing at the time of the accident under all of the circumstances existing at the time was guilty of contributory negligence. The answers to the seventh and ninth special issues are contradictory.

[3, 4] If we read the eleventh special issue and the answer in response thereto, remembering that the exercise of ordinary care is the legal test which determines the question of negligence or no negligence, it becomes apparent that the finding of the jury in answer to this issue was that the plaintiff was guilty of contributory negligence as he approached the crossing and before driving thereupon under all of the then existing circumstances in not seeing or hearing the approaching train in time to have stopped his automobile and thereby prevented the injury. And it is equally clear that in response to special issue 11a the jury found that plaintiff was not guilty of contributory negligence in failing to see and to hear the approaching train in time to stop his car before going upon the crossing. Special issues Nos. 11 and 11a presented to the jury precisely the same issue, but in different lan-

guage and a little different form, and the findings of the jury in response to these two issues are pointedly and directly contradictory of each other. It was unfortunate that so many special issues on contributory negligence were submitted. The jury by the number presented in different language evidently became confused. The seventh special issue was a correct presentation of the question of contributory negligence, and was sufficient, unless defendant in error had requested the giving of a special issue in proper form grouping the matters pleaded and relied upon by him to show contributory negligence and pertinently applying the law thereto. The answers of the jury to special issues 7 and 11a completely acquit plaintiff in error of contributory negligence, and the answers to issues 9 and 11 just as completely convict him of contributory negligence. These findings of the jury being contradictory, it was the duty of the learned trial court to set aside the findings of the jury and grant a new trial, and the court's failure to so do, and his entry of judgment on such conflicting findings for defendant present error requiring a reversal of this case. Kahn v. Cole (Tex. Civ. App.).227 S. W. 556; Stoker v. Fugitt et al. (Tex. Civ. App.) 102 S. W. 743; Southern Traction Co. v. Gee (Tex. Civ. App.) 198 S. W. 992. We sustain all of the assignments of plaintiff in error complaining of the action of the trial court in refusing to set aside the findings of the jury and grant a new trial and in rendering judgment on such conflicting findings for defendant in error, and reverse and remand the case.