## McKINNEY et ux. v. SMITH. (No. 201.)

(Court of Civil Appeals of Texas. Waco. March 19, 1925.)

1. **Master and servant ⬅20—Employment held at will and terminable by either party.**

If defendant was employed by plaintiffs in September at yearly rate with understanding that, if satisfactory, contract for one year would be made on or before January 1st, in absence of affirmative agreement to extend employment for rest of year, employment was at will after January 1st, and terminable by either party by notice without other's consent.

2. **Master and servant ⬅31—Notification of discharge at will terminates contract.**

Notification of discharge to employee at will terminated contract, and further obligation to pay stipulated salary.

3. **Master and servant ⬅31—Service of injunction obtained by employer against employee terminated employment.**

Service of injunction obtained by employer against one employed at will to manage a ranch, requiring him to vacate the ranch, terminated employment, and further obligation to pay stipulated salary.

.4. **Master and servant ⬅31—Employer not released by arbitrary termination of employment.**

Arbitrary termination by employer of employment for one year *held* not to release employer from liability on contract of employment.

5. **Master and servant ⬅41(1)—Unjustified eviction of farm manager held breach of contract rendering employer liable for loss.**

Where an employee was employed to manage a farm for one year, an unjustified eviction of the employee by injunction was a breach of the contract of employment, rendering the employer liable for loss thereby sustained by employee.

6. **Master and servant ⬅70(1)—Discharged employee held entitled to unpaid compensation at contract price.**

Discharged employee *held* entitled to unpaid compensation at contract price until termination of contract or employer's breach thereof, whether employed at will or for one year.

7. **Trial ⬅358—Jury's findings of employment held irreconcilable, necessitating reversal of judgment.**

Jury's special findings, that employment was for one year and also that it was at yearly rate with understanding that contract for one year would be made later if services were satisfactory, *held* irreconcilable necessitating reversal of judgment for employee for unpaid wages and damages for discharge.

8. **Trial ⬅350(4)—Refusal to submit special issues as to notice of discharge held error.**

Refusal to submit special issues as to whether employer informed employee of latter's discharge, and, if so, when, *held* error, as material in determining compensation due for services performed, in case jury found employment was at will.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Suit by W. A. McKinney and wife against Z. B. Smith. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

H. H. Cooper and H. C. Gerlach, both of Houston, and Robert F. Higgins, of Marlin, for appellants.

Henry A. Bush, of Franklin, for appellee.

GALLAGHER, C. J. W. A. McKinney and wife, Gertrude McKinney, appellants herein, instituted this suit against Z. B. Smith, appellee herein, and prayed for a mandatory injunction, requiring appellee to vacate certain premises owned by them and then possessed, operated, and controlled by appellee. A temporary mandatory injunction was issued and served, and appellee, on or about July 10, 1923, vacated the premises and surrendered the same and the property thereon situated to appellants. This is an appeal from the judgment of the court on the final trial of the case. Only so much of the pleadings and evidence will be stated as is deemed necessary to an understanding of the issues involved in this appeal.

Appellants pleaded that they owned a farm

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and ranch of approximately 2,000 acres; that they employed appellee to assist them in managing said farm and, with certain reservations, placed him in possession of the same, together with the dwelling house and all their livestock and other property thereon. Said contract as pleaded by appellants was, in substance, that appellee was employed by them at a salary of $208 per month, to continue so long as his services were satisfactory; that on or about the 14th day of September, 1922, appellee began the discharge of his duties under said contract; that his services were not satisfactory, and that on or about June 1, 1923, appellants so advised him and asked him to vacate the premises and surrender possession thereof; that he failed and refused to do so and the relations between him and appellants having become, according to their allegations unbearable, they brought this suit and by said injunction compelled him to vacate the premises. They offered to pay any balance due him as found by the court. Appellee denied all their allegations and pleaded that he was employed by them for a term of one year, beginning September 14, 1922; that he discharged the duties of his employment faithfully and efficiently, and that appellants, without cause, breached said contract of employment by the service of said injunction; that he had not been paid all that was due him for the time that he served under said contract, and that notwithstanding the·exercise of due diligence, he had been able to earn but a small sum from the time of such breach to the end of the term specified in said contract.

Appellant McKinney testified that appellants' employed appellee in the capacity stated at the rate of $2,500 per year, provided his services proved satisfactory; that they were to try appellee until the 1st of the succeeding January and, if they found his services satisfactory, they would then enter into a contract with him for the term of one year; that appellee's services were unsatisfactory and that witness so informed him during the latter days of December, and advised him to secure another position; that they permitted appellee to continue in service, hoping that his services would prove more satisfactory; that about June 1st following, appellee approached witness and asked him if he wanted him (appellee) to move off the place and offered to do so, and that witness told him to move at once. The other disputes and differences between appellants and appellee are not involved in this appeal. Appellee testified that his contract with appellant was unconditional and for the term of one year from September 14, 1922; he denied that appellants had notified him in December that his services were unsatisfactory and that appellants had asked him to vacate the premises in June, or that he had offered

to do so, as testified by appellant McKinney. He also testified that he had been able to earn only the sum of $30 between June 10 and September 14, 1923.

There was neither pleading nor proof of any contractual agreement between appellants and appellee subsequent to September 14, 1922. Neither was there any alternative pleading by appellee that if appellants' contention about the terms of the original·contract was sustained, that their action in permitting him to continue in their employ after the 1st of January and until June or July thereafter raised an issue of their satisfaction with his services and a contract by implication for the entire year, without express agreement thereto by appellants. No such contention was made on the trial of·the case.

The court submitted appellants' theory of the case in his first special issue, in the·following language:

"Did or did not W. A. McKinney and his wife enter into a contract of employment with Z. B. Smith on or about the 11th day of September, A. D. 1922, at a yearly rate of $2,500 per annum, with the understanding that the said Smith should immediately ·begin his employment, and, if he was found satisfactory to all· parties that, on or before January 1, 1923, they would enter· into a contract at a like consideration for the term of one year?"'

Upon request of the jury, the court subsequently explained said issue as follows:

"This issue means that a contract was to be made on January 1, 1923, to cover an entire period of one year, from September 14, 1922."'

Said explanation was approved by both appellants and appellee. The court instructed' the jury if they answered special issues Nos. 1 and 2 in the negative, to answer his special issue No. 6. Special issue No. 2 is not material to the issues here under consideration. The jury answered said special issue No. 2' in the negative but they answered said issue No. 1 in the affirmative. They also answered said special issue No. 6 in the affirmative, said issue being as follows:

"Did the plaintiffs, W. A. McKinney and wife, on or about September 11, 1922, employ defendant, Z. B. Smith, for a definite period of one year at a salary of $2,500 per year?"

. The jury, in response to other issues, found: that the amounts paid appellee by appellants. were insufficient to fully compensate him for the reasonable value of the services performed by him up until he was dispossessed; that appellants owed him $699.09 for the period' ending July 10, 1923; and that·they owed him $200 for the period from July 10 to September 14, 1923. The jury were instructed in making the last finding to take into consideration the difference between the agreed. monthly salary and the amount appellee earned or could have earned by reasonable diligence, during said period. The court ren.

dered judgment in favor of appellee for the aggregate of 'said findings in the sum of $899.09.

Appellants contend there is an irreconcilable conflict between the findings of the jury on special issue No. 1 and special issue No. 6, respectively. Issue No. 1 embodies appellants' theory of the case. Issue No. 6 embodies appellee's theory of the case. If the relief to which appellee was entitled under an affirmative finding on issue No. 1 was different from the relief to which he was entitled under an affirmative finding on issue No. 6, the said findings are contradictory and irreconcilable.

[1-3] Under an affirmative finding on issue No. 1, appellants were not compelled to retain appellee in their employ longer, in any event, than the 1st of January following, without an affirmative agreement to extend such employment for the remainder of the year ending September 14th thereafter. After the 1st of January such employment was at will and the mutual obligations of appellants and appellee thereunder could be terminated by either party without the consent of the other, upon notice to that effect. St. L. S. W. Ry. Co. v. Griffin, 106 Tex. 477, 483, 171 S. W. 703, L. R. A. 1917B, 1108. If appellants did, on or about June 1st, notify appellee that his services were no longer acceptable and request him to remove from the premises at once, such action terminated their contract with him and they were not thereafter responsible to him for the stipulated salary. If, as contended by appellee, they did not do so, then the service of the injunction terminated their contract with appellee, and they were not liable to him for either salary or damages for the loss of time thereafter.

[4-6] Under an affirmative finding on issue No. 6, appellants could not arbitrarily terminate appellee's contract so as to relieve themselves from liability to him thereon. If appellants did not have lawful cause justifying them in discharging and evicting appellee by their injunction, they, by such action, breached their contract with him and rendered themselves liable to him for such loss or damage as he sustained by reason of such breach. Carroll v. Welch, 26 Tex. 147, 150; Hearne v. Garrett, 49 Tex. 619, 625; Litchenstein v. Brooks, 75 Tex. 196, 198, 12 S. W. 975; Meade v. Rutledge, 11 Tex. 44, 51; Texarkana Lumber Co. v. Lennard, 47 Tex. Civ. App. 116, 104 S. W. 506 (writ refused).

In either case, appellee was entitled to compensation at the contract price until the termination or breach of such contract, and to recover in this suit any balance due him thereon.

[7] But in order to ascertain such balance, if any, it was necessary to determine whether his contract was terminated by notice on or about June 1st, or whether it was still in force when the writ of injunction was served. The court ignored this distinction in submitting the issue as to unpaid compensation due appellee under his contract. The issue submitted assumes that appellee was entitled in any event to compensation under the terms of his contract until the service of the injunction. The balance of such compensation due him on this basis was fixed by a finding of the jury and awarded to him by the judgment of the court. The jury, however, found that he was entitled to the further sum of $200 for the period of time from the service of the injunction until September 14th, and the judgment of the court awarded him a recovery therefor. Such recovery, while authorized by the finding of the jury on issue No. 6, was wholly without authority under the finding of the jury on issue No. 1. Said two findings were therefore contradictory and irreconcilable, and the court erred in rendering judgment thereon. Oriental Investment Co. v. Barclay, 25 Tex. Civ. App. 543, 64 S. W. 80 (writ refused); Trice & Ludolph v. Cone (Tex. Civ. App.) 163 S. W. 587, 590; Eastham v. Patty, 37 Tex. Civ. App. 336, 83 S. W. 885, 886; Royal Insurance Co. v. Okasaki (Tex. Civ. App.) 177 S. W. 200, 202.

[8] Appellants requested the court to submit the following special issues:

"(a) Did the plaintiff W. A. McKinney tell defendant, Z. B. Smith, in June, 1923, that he was discharged from his employment?

"(b) If you answer (a) in the affirmative, then state the date or approximate date in June when defendant, Smith, was so discharged."

The court refused to submit such issues, and his action in so refusing is complained of by appellants. We sustain this compaint. Under an affirmative finding on issue No. 1, findings on these issues become material in determining the amount of the compensation due appellee for services rendered under his contract.

The judgment of the trial court is reversed, and the cause is remanded.