## MORRISON v. WESTERN UNION TELEGRAPH CO.
### No. 749.

Court of Civil Appeals of Texas. Eastland.
Nov. 21, 1930.

Rehearing Denied Jan. 30, 1931.

Grisham Bros., of Eastland, for appellant.

Conner & McRae, of Eastland, for appellee.

FUNDERBURK, J.

Mrs. Josie Morrison brought this suit against Western Union Telegraph Company to recover damages for alleged negligence. The negligence (in so far as found by the verdict of the jury) was defendant's delay in the delivery to plaintiff of a telegram reading as follows:

"March 27, 1927, Borger, Texas
"Mrs. Josie Morrison, 602 West Myrtle St., San Antonio, Texas.
"Luther is very low with pneumonia. Answer.                    Spencer Sullivan."

The "Luther" mentioned in the telegram was plaintiff's son. It was alleged that, if defendant had promptly delivered the telegram, as it was its duty to do, plaintiff could and would have taken the 2:30 o'clock Katy train out of San Antonio to Amarillo, and a bus out of Amarillo to Borger, and would have reached her son and have been with him during his conscious moments. Having missed said train, plaintiff made an arrangement to go by airplane. There was a stop overnight at Eden, a short stop at San Angelo for refueling, and a stop at Lubbock, with some delay resulting from a damaged propellor. At Lubbock plaintiff voluntarily left the airplane, and, proceeding by bus to Amarillo, arrived too late to see her son while he was conscious; he in the meantime having been moved from Borger to Amarillo.

Among the special defenses pleaded were various alleged acts of negligence on the part of plaintiff, asserted to have proximately caused the injuries complained of by plaintiff, among them being: (1) That plaintiff failed to exercise ordinary care and diligence in leaving San Antonio by airplane (the means of transportation she voluntarily adopted) in time to reach her son while conscious, which she could have done; (2) that plaintiff could have gone to Borger by means of an automobile, and would have reached her destination in due time; (3) that, the pilot of the airplane having landed at Eden in order to make inquiry as to whether there was a landing field at Borger, plaintiff voluntarily chose to remain overnight at said

place instead of proceeding on the journey, and which resulted in her failure to reach the bedside of her son in time; (4) that at Lubbock the plaintiff elected to abandon the airplane means of transportation, and took a bus, which delayed her, and but for which she would have arrived at her destination in time; (5) that, on the trip by airplane from San Antonio to Lubbock and thence by bus to Amarillo, after leaving San Antonio at 7 o'clock p. m., March 27, 1927, plaintiff remained overnight at Eden, and, after reaching Lubbock, she decided to continue her journey by bus or automobile, arriving in Amarillo at about 8 o'clock p. m., March 28, 1927, that "there was (thereby ?) occasioned unnecessary and unreasonable delays during said journey of more than fifteen hours, and but for which plaintiff could and would have arrived in the city of Borger, Texas, on or about 7 o'clock on the morning of March 28th, 1928, long prior to the time her said son had been removed from said city, *and each and all of said unnecessary and unreasonable delays were the sole proximate cause of the injuries* (italics ours) if any, of which plaintiff makes complaint."

The jury, answering certain special issues submitted to them, made findings, some of which were substantially as follows: (1) That defendant delayed delivery of the message to the plaintiff after same was transmitted to San Antonio; (2) that such delay was negligence; (3) that such negligence was "a proximate cause of plaintiff's injury"; (4) that plaintiff could have arrived in Borger prior to the removal of her son to Amarillo had she made the journey by railway and had left San Antonio on the 2:30 p. m. Katy train on March 27, 1927; and that thereby (5) she could have seen her son during his conscious moments; (6) that $1,000 was the proper amount to compensate plaintiff for such injuries. Of other issues submitted and answered, and numerous interrogatories not entitled to be denominated issues, it is necessary to mention only the following: (7) That it was plaintiff's election to abandon the trip to Borger by airplane as the same was begun and select another means of transportation; (8) that such election to proceed upon her journey by a means of transportation other than by airplane was the proximate or proximately contributing cause of her failure to reach the bedside of her son during his conscious moments; (9) that there were unnecessary delays en route by airplane from San Antonio to and at Lubbock after plaintiff left the former city in an airplane for Borger, Tex., which were, (10) "the sole proximate cause," as that term was defined, "of plaintiff's failure to arrive in the city of Borger in time to have been with her son during his conscious moments and before his removal to Amarillo, Texas."

Upon these findings of the jury, and others not necessary to mention, the trial court gave judgment for defendant, from which the plaintiff has appealed.

■ Appellee has filed a motion to strike out appellant's several assignments of error and propositions based thereon as they appear in appellant's brief. The grounds set out in said motion upon which such action is prayed are alleged violations of the rules of procedure as established by the Supreme Court under authority of section 25, art. 5, of the Constitution. We find it unnecessary to consider this motion. It is apparent upon the face of the record in this case that the verdict of the jury is insufficient to support the judgment. This it is our duty to notice as a fundamental error. The disposition which, for that reason, we are required to make of the appeal, is such as cannot be affected by any action we could take, based upon a consideration of the motion. For that reason we think we are justified in declining to pass upon the merits of the motion, and the same will be dismissed.

■ The court, for the guidance of the jury, defined "proximate cause" as "the efficient and producing cause but for which the injury would not have happened, and which might have been reasonably foreseen as causing the injuries complained of, or some similar injury." No question is presented as to the correctness of the definition. One of the many findings of the jury was that the negligence of defendant in delaying delivery of the telegram was "a proximate cause of plaintiff's injury." Another finding was that unnecessary delays en route by airplane from San Antonio to and at Lubbock, Tex., were "the sole proximate cause" of plaintiff's injury. While there may be a number of concurring proximate causes of a particular injury, it is obvious that there could be but one "sole proximate cause." The finding of the jury that delays en route by airplane to and at Lubbock were the sole proximate cause of plaintiff's injury was a direct contradiction of their other finding that defendant's delay in delivering the telegram at San Antonio was a proximate cause of said injury. The effect of such conflict is to leave no finding upon an issue material to support the judgment. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Northern Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 41; Williams v. Zang (Tex. Com. App.) 279 S. W. 815.

In view of another trial, it may not be improper to observe that the defendant did not plead any of its special defenses alternatively. It was asserted in one of the special defenses that certain delays in the airplane journey were the *sole* proximate cause of plaintiff's injury. Such allegation was contradictory of allegations of other proximate causes. It is suggested that such defects in the pleading should be cured by proper amendment before another trial.

Because of the error in the judgment as above discussed, the cause should be reversed and remanded, and it is accordingly so ordered.

### On Rehearing.

■ Both parties have filed motions for rehearing. Appellant earnestly argues that judgment should be rendered for her, on the ground that one of the two issues we held to be conflicting was an immaterial issue, and for that reason should be disregarded. The rule claimed to be applicable and controlling is that a verdict upon immaterial issues constitutes no obstacle to the rendition of a judgment otherwise properly supported and authorized. There is no doubt of the correctness of this general rule. Magnolia Petroleum Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158, and authorities cited. Whether that rule has application to this case we need not stop to inquire. We have concluded that, irrespective of the merits of the motion attacking appellant's brief, we are authorized, and it is our duty, to consider and determine whether the special plea in regard to the airplane means of transportation is, as a matter of law, insufficient to constitute a defense. A part of appellant's exceptions, although called "special exceptions," were in fact general demurrers to certain of appellant's special defenses. This is particularly true of the exceptions with reference to the special defense to the effect that appellant, having voluntarily chosen the airplane means of transportation, was thereafter negligent in certain respects, which proximately caused the appellant's injuries. The action of the court in sustaining or overruling an exception to a special defense which challenges its sufficiency in law to constitute a defense, if error at all, is fundamental, and requires no assignment. Astin v. Mosteller (Tex. Civ. App.) 152 S. W. 495; Freidenbloom v. McAfee (Tex. Civ. App.) 167 S. W. 28; Richardson v. Terry (Tex. Civ. App.) 212 S. W. 523; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518.

■■ No question is presented as to whether appellant was under any duty, in order to minimize the effects of appellee's negligence, to adopt an airplane as a means of transportation. The theory of appellee's special plea was that, appellant having voluntarily adopted that means of transportation, and having failed to reach the bedside of her son during his conscious moments only because of negligence attributable to her, she was therefore not entitled to recover. We are unable to sanction the view that, as a matter of law, this presented no defense to appellant's cause of action. Mere imperfections in the plea, or in the issues relating to same, which were submitted to the jury, cannot have the effect of rendering immaterial the finding of the jury that "unnecessary delays enroute by airplane from San Antonio to and at Lubbock, after plaintiff left the former city," were "the sole proximate cause" of plaintiff's injury.

■ On the proposition that conflicting findings upon material issues will not support a judgment, there may be cited, in addition to the authorities cited in the original opinion, the following: Humble Oil & Rfg. Co. v. Strauss (Tex. Civ. App.) 243 S. W. 528; Pullman Co. v. Castleberry (Tex. Civ. App.) 251 S. W. 518; Stewart v. Schaff (Tex. Civ. App.) 269 S. W. 135; McKinney v. Smith (Tex. Civ. App.) 271 S. W. 247; Barnes Bros. v. I. & G. N. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 273; Stiles v. Union Terminal Co. (Tex. Civ. App.) 1 S.W.(2d) 947.

Being of opinion that both motions for rehearing should be overruled, it is accordingly so ordered.