## KENDRICK v. OWNBY.

### No. 9822.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1941.

Rehearing Denied Jan. 12, 1942.

690

H. S. Lattimore, of Fort Worth, Tex., and J. E. Vickers, of Lubbock, Tex., for appellant.

Chas. C. Crenshaw, of Lubbock, Tex., and Hugh Ownby, of Tulsa, Okl., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

J. J. Kendrick brought suit against Ernest Ownby for an accounting for proceeds from two sections of land and for title to one-half interest therein. At the conclusion of the evidence for the plaintiff the court withdrew the case from the jury and entered judgment for Ownby. Kendrick has appealed.

Ownby having filed a cross-action seeking to remove a cloud on his title cast by his contract with Kendrick puts an end to and sets at rest any question of the lower court's jurisdiction.

The record evidence necessary for decision discloses that Chapman and Harkrider owned Sections 502 and 554 in Block D, Yoakum County, Texas, within the jurisdiction of the trial court. The owners listed the lands for sale at a minimum price with Kendrick, who dealt as an agent in real estate. Kendrick procured Ownby to purchase the lands at the price asked, and pay over to Chapman and Harkrider the required portion of the consideration.

Kendrick agreed with Ownby that he would take a one-half interest in the lands, and that he would repay Ownby one-half of the consideration paid by him. The sale from Chapman and Harkrider to Ownby was consummated in April, 1925, and in August of that year Ownby executed a deed conveying a one-half interest in the lands to Kendrick; and Kendrick gave to Ownby a vendor's lien note for $525, this being one-half of the cash consideration paid by Ownby upon purchase of the lands. Ownby advanced all money for the purchase of the lands, and it was agreed that Kendrick was to repay him for one-half of such money expended and accrued expenses, and that ten per cent should be computed by way of interest.

For several years, and while Kendrick was in possession of the unrecorded deed to a one-half interest in the lands, he attempted to find purchasers for the property. In 1929, at Ownby's request, Kendrick endeavored to get a loan to further a disposition of the lands. At this time it was found that title to the property was defective, and with Ownby's consent and agreement Kendrick filed suit in Yoakum County, Texas, and at much time and expense cleared title to the lands. Thereafter a portion of the property was sold to Isler and Raymond.

On May 12, 1931, Kendrick and Ownby entered into the following agreement:

"Statement of Facts with reference to an agreement between Ernest Ownby and J. J. Kendrick of Seagraves, Texas:

"Whereas, the two above parties entered into an agreement on or about April 25th, 1925, concerning the purchase of surveys 554 and 502 in Block D, Yoakum County, Texas,

"and since the above date Ernest Ownby has paid out in cash on said above mentioned land $3804.29 and the accumulated interest at 10% on the $3804.29 up to April 20th, 1931, amounts to $2441.19, and whereas said first contract or agreement provided for Ownby to receive 10% per annum, on money so expended,

"and whereas Ernest Ownby heretofore executed a warranty deed to J. J. Kendrick for an undivided one half interest in the two above mentioned sections of land, and said deed has not been placed of record, and is without consideration at this time, and the said J. J. Kendrick hereby agreed to return said deed to Ernest Ownby, and the

said Ownby agrees to cancel and return to J. J. Kendrick one note for $525.00 executed by the said Kendrick payable to Ernest Ownby,

"and whereas, there is now two sale contracts outstanding one on each section of land, and it is agreed by both parties hereto that the said J. J. Kendrick will assign all his right title, and interest in said contracts to Ernest Ownby,

"and in lieu thereof the said Ernest Ownby hereby agrees to pay over to J. J. Kendrick one half of all the proceeds received from the sale or lease of the above lands after the said Ernest Ownby has received and paid to himself $6245.48 with accumulated interest thereon from April 20th, 1931, at the rate of 10% per annum,

"this agreement is made and entered into by both parties hereto, for the purpose of showing the actual condition at this time of a previous agreement which is by this instrument canceled, and it is strictly understood by both parties hereto, that the title to the above mentioned land is in Ernest Ownby, and that he has made all payments on said land, and has all rights and authority to sell or lease said lands or mortgage same for money borrowed or to do any and all things necessary to perfect title in himself, however subject to the sale contracts now in existence on said land, and to enforce said contracts according to their terms, and to pay all expense incident thereto, out of the proceeds received from said lands, and after all expenses have been paid, and the said Ernest Ownby has been fully paid as above stipulated, then whatever net profits there is left from the sale or lease of the lands will be divided equally between the undersigned parties.

"Witness our hands to this agreement this the 12th day of May, 1931.

"J. J. Kendrick,
"Ernest Ownby."

■ The court erred in holding that the contract between Kendrick and Ownby was void on the ground that Kendrick was the agent of Chapman and Harkrider and had failed to disclose to them that he was interested in the purchase of their property. Sixteen years have elapsed since the sale of these lands. Chapman and Harkrider are not here complaining. They received their set price and throughout the years they have not been heard to complain. They are not parties to nor are they interested in this suit, and no contract with them is necessary to make out a case for Kendrick.

■ The plaintiff did not require the aid of any illegal transaction to establish his case against Ownby. After purchase of the lands, Ownby of his own volition executed a deed to Kendrick conveying a one-half interest in the two sections. After the lapse of seven years he entered into another contract with Kendrick, which contract is set out in full above, and which expressly cancels the first contract and deed. Certain it is that whatever may have been the legal wrong of Kendrick in entering into the contract with Ownby while acting as the agent of Chapman and Harkrider, it now in nowise affects Ownby or his relationship with Kendrick. Ownby may not go back through the years and in the name of public policy seek refuge and hide behind a transaction or relationship between Chapman, Harkrider, and Kendrick, which relationship did not concern him. The law, as announced by the federal and Texas courts, does not permit Ownby to avail himself of this defense. Brooks v. Martin, 2 Wall. 70, 69 U.S. 70, 17 L.Ed. 732; Planter's Bank v. Union Bank, 16 Wall. 483, 83 U.S. 483, 21 L.Ed. 473; Patty-Joiner Co. v. City Bank, 15 Tex. Civ.App. 475, 41 S.W. 173; Freidenbloom v. McAfee, Tex.Civ.App., 167 S.W. 28; De Leon v. Manuel Trevino & Bro., 49 Tex. 88, 30 Am.Rep. 101; Smith v. Gladney, Tex.Civ.App., 70 S.W.2d 342; Sharp v. Beacon Oil & Ref. Co., Tex.Civ.App., 108 S.W.2d 870; Ireland v. Craggs, 5 Cir., 56 F.2d 785.

■■ We are of opinion that the contract of May 12, 1931 is not subject to attack by parol evidence. It is clear in its terms and concisely evidences the intention of the parties that Ownby was to hold title to one-half of the lands in trust for Kendrick. Under the prayer of the plaintiff's amended petition the court erred in withdrawing the case and refusing to submit the issues to the jury.

■ In reviewing the record we have noticed that counsel for Ownby was permitted to go over and repeat his questions to the witness Kendrick and by unnecessary repetition prolong the trial and cumber the record. Counsel was also permitted to question the witness as to the pleadings in the case, and by confronting him with the pleadings sought to contradict his testi-

mony. On another trial this method of examination should not be permitted.

What we have said will, we conclude, be sufficient guide for another trial. The judgment is reversed and the cause remanded for further and not inconsistent proceedings.

Reversed and remanded.