ROGERS, ADMINISTRATOR, *v.* STEWART.

4-7313                                    178 S. W. 2d 849

Opinion delivered March 20, 1944.

*Shouse & Shouse,* for appellant.

*Virgil D. Willis,* for appellee.

·KNOX, J.   Appellee presented to the administrator of the estate of L. M. Martin a claim for $134.50 for services as farm laborer and overseer, alleged to have been rendered to Martin. As first presented the claim was based upon an alleged express contract, but before trial an amended claim ·was presented, seeking recovery on *quantum meruit* for the same amount based upon an implied contract. Appellant, as administrator, rejected all of said claim except the sum of $26.25, which he allowed. The court, after hearing, allowed the ·claim in the sum of $68.12.· The final judgment reads in part as follows: ''The cause having been submitted to the court upon the claim filed and the response thereto by the administrator and his offer to pay on said claim the sum of $26.25 in full settlement of the same which offer has been maintained throughout the trial, and the testimony of D. N. Stewart and Len Savage· . . . and

the testimony of Vesta Rahe Holder . . . all offered on the part of the claimant, and the testimony of Floyd Rogers, Witt Bryan and Tom Johnson . . . offered on the part of the respondent, administrator.

"It is by the court considered, ordered, and adjudged that the testimony of D. N. Stewart, claimant, is incompetent, and that the same be and is stricken and not considered; that the claimant, D. N. Stewart, have and recover of and from the respondent, Floyd Rogers, as administrator of the estate of L. M. Martin, deceased, the sum of $68.12 together with all of his costs in this action."

Appellant in his brief states, and appellee apparently concedes, that, "The sole question . . . is whether there is sufficient . . . evidence to support a judgment . . . in any sum."

The testimony was presented to the court in the form of depositions. Appellee in his own deposition testified to facts relating to (1) his employment by deceased; (2) the nature of the services rendered; (3) the dates on which such work was performed; (4) the reasonable value of such services, and (5) other matters tending to support his claim.

The ruling of the court to the effect that claimant's own testimony is incompetent is based upon the provisions of the Constitution of 1874, Schedule, § 2, and set out as § 5154 of Pope's Digest, providing that in actions against executors or administrators neither party shall be allowed to testify as to transactions with or statements of the testator or intestate. The ruling of the court is in accordance with the decisions of this court. *Graves* v. *Bowles,* 190 Ark. 579, 79 S. W. 2d 995; *Williams* v. *Walden,* 82 Ark. 136, 100 S. W. 898; *Cash* v. *Kirkham,* 67 Ark. 318, 55 S. W. 18; *Miller* v. *Jones,* 32 Ark. 337.

It is immaterial that the claim asserted here is upon an implied and not an express contract, the constitutional provision applies to either type. *Cash* v. *Kirkham, supra;* *Williams* v. *Walden, supra.*

In support of his argument that the testimony was sufficient to justify the allowance of the claim, counsel

for appellee refers to testimony of appellee, Len Savage, the administrator, and Mrs. Vesta Holder. Of course, the testimony of appellee cannot be considered for any purpose, and in order to determine whether there is evidence supporting the findings of the court we must look only to the testimony of the other three witnesses. Appellee summarizes the testimony of these witnesses as follows: "Len Savage, a neighboring farmer, testified that in a general way all of the neighbors were acquainted with what went on in the community, and that he knew that appellee was working on Lawrence Martin's farm from April, 1942, until Mr. Martin's death. He said this was a matter of common knowledge in the community. Mr. Savage also testified that he thought a man would be lucky to get that kind of work done for $3 per day."

"The administrator, son-in-law of deceased, testified that appellee was working for deceased and when Mr. Martin got so bad he told him to go ahead. It is true there was some labor for $1.50 as testified by other witnesses; yet, this was where a renter was furnished a house and garden and worked odd days when they were not busy in crops. No labor could be had on farms at any price for straight time."

"Mrs. Vesta Holder, a witness for appellee, testified that she had been closely associated with deceased for eight years; that she was acquainted with deceased's business and kept his books. She was in his home at the time of his death. She knew that appellee had worked for deceased for some time prior to his death. She said some time prior to his death the deceased had told her he owed appellee; that she knew it, because she kept the books. Q. You knew he owed Delph Stewart some amount for that labor? A. Yes, I know that."

It will be seen that none of these witnesses testified as to the number of days worked by appellee. Appellee had testified that he worked nine days in April at $2 per day and 44½ days between May 1 and July 7 at $3 per day. It is suggested in the briefs that the award of $68.12 made by the court was arrived at on the basis of a

computation of 54½ days of labor at the rate of $1.25 per day. There is no testimony in the record of 54½ days employment other than the testimony of appellee himself, and since his testimony was properly stricken as being incompetent there is no testimony from which the court could have found that appellee worked 54½, or any other number of, days. While the trial court declared that the testimony of appellee was incompetent and was not to be considered, it is apparent that, as was said by Mr. Justice BAKER concerning the trial court in *Graves* v. *Bowles, supra,* he "suffered himself to be influenced thereby."

The judgment discloses an offer on the part of the administrator to pay $26.25 in full settlement of the claim, which offer "has been maintained throughout the trial."

Assuming, without deciding, that an estate would not be bound by an admission made by its administrator to the effect that such estate was indebted to a claimant in a certain amount, nevertheless where a claim is properly verified and presented, we can perceive of no good reason why the probate court could not accept as some evidence of such fact representations made by the administrator to the effect that his investigation disclosed that all or part of such claim was justly due and owing. We conclude, therefore, that there was evidence sufficient to support the claim to the extent of $26.25, but no more. Since from inception of and throughout the proceedings the administrator offered to pay this sum, all costs should be adjudged against appellee.

The judgment of the lower court is reversed, and the cause remanded with directions to allow appellee's claim to the extent, but only to the extent of $26.25, and enter judgment in favor of appellant against appellee for all costs incurred in this and the trial court.